Adaline C. Smallwood, Appellee, v. William H. Soutter, Individually and as Executor Under Last Will of Helen I. Soutter, Deceased, Appellant. St. Louis Masonic Home, and University of Chicago, Appellees.

## Gen. No. 46,431.

First District, Second Division.
March 8, 1955.
Rehearing denied March 28, 1955.
Released for publication April 20, 1955.

Hector A. Brouillet, Philip G. Bixler, and Allen H. Meyer, all of Chicago, for appellant.

Bell, Boyd, Marshall & Lloyd, of Chicago, for University of Chicago, defendant-appellee; Thomas R. McMillen, of Chicago, of counsel; Cassius A. Scranton, of Chicago, for Adaline C. Smallwood, plaintiff-appellee; Barnard & Barnard, of Chicago, for Central National Bank in Chicago, trustee under last will of Helen I. Soutter, deceased, appellee; Morton John Barnard, of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

Adaline C. Smallwood, plaintiff, filed her complaint against William H. Soutter, individually and as executor under the last will and testament of Helen I. Soutter, deceased, St. Louis Masonic Home and the University of Chicago, to construe the terms of the last will of Helen I. Soutter, deceased, sought the appointment of a trustee to protect the rights of plaintiff and other beneficiaries of a trust purported to be created under the will and other relief.

Defendant Soutter contends that the court's decree was entered as a result of findings in a report made to the court by an attorney appointed by it to represent plaintiff, which report, he says, was without authority and based on extrajudicial proceedings conducted by the attorney.

The complaint alleges that Helen I. Soutter died leaving a last will and testament. Under the will defendant Soutter was named executor. After the payment by the executor of the debts and expenses, the will successively devises and bequeaths the life income from testatrix's estate, first, to her mother, the plaintiff; second, to her aunt, Amelia D. Lukes (since deceased); and third, to her husband, the defendant. Following the death of the last life beneficiary, the estate is given in trust for specific charitable purposes to the University of Chicago medical school.

304

It is alleged that it was the intention of the testatrix to create a trust but no trustee is designated in the will; that if it was the intention that defendant Soutter act as trustee, he disqualified himself by acts that were inconsistent with his duties and detrimental to the other beneficiaries under the will. Among the acts alleged were an excessive widower's award and the filing by defendant of his renunciation under the will.

Defendant Soutter filed an answer admitting that the will implied a testamentary trust, admitting that a trustee was not named but stating that it was the decedent's intention that he act as trustee and that paragraphs seven and eight of the will clearly substantiate this position. These paragraphs read as follows:

"Seventh: I direct that my husband, William H. Soutter, act as Executor of this my last Will and Testament; and it is my wish that he serve without bond.

"Eighth: It is my wish that any omissions concerning any of my estate be decided by my husband; that his decision be binding, for I know from long association with him that his decision will be equitable, honest, and wise."

Defendant Soutter denied that he had disqualified himself from acting as trustee; denied that the widower's award was excessive and that his renunciation under the will affected his ability to act as trustee.

After the case was at issue, plaintiff moved for the appointment of a trustee under the will before Judge Daniel Roberts, who denied the motion. Subsequently, the cause was assigned to Judge Elmer J. Schnackenberg for hearing and determination. Plaintiff then appeared before Judge Schnackenberg and renewed her motion for the appointment of a trustee. There was also pending before Judge Schnackenberg another action, case number 53 C 4985, involving a trust of plaintiff which is neither at issue here nor involved in these proceedings. In that proceeding, on November

18, 1953, an order was entered "on agreement of the plaintiff, on her own behalf, Hugh M. Matchett, as attorney of record for Adaline C. Smallwood and as trustee of the Adaline C. Smallwood trust . . . and the defendant, William H. Soutter, by his attorney, Hector A. Brouillet. . . ." It then "appoints attorney Cassius A. Scranton to represent Mrs. Smallwood and to *inquire* into the powers of Mr. Matchett to represent the plaintiff, and to *inquire* into the powers of Mr. Matchett under a certain trust instrument dated June 21, 1952, known as the Adaline C. Smallwood Trust and to *inquire* into the validity thereof; and to *protect* her interests and to *represent* her in the proceedings now pending in the Probate Court of Cook County, entitled Estate of Helen I. Soutter, Deceased, Number 51 P 2554, Docket 506, Page 357; the proceedings concerning the construction of the last will and testament of Helen I. Soutter in this cause, and the litigation entitled Adaline C. Smallwood vs. William L. Soutter, individually and as executor of the estate of Helen I. Soutter, deceased, et al., currently pending in the Circuit court of Cook county, being Case Number 53 C 4985; and in regard to a trust instrument entitled Adaline C. Smallwood Trust, dated June 21, 1952, between Adaline C. Smallwood as settlor and Hugh M. Matchett as trustee; and any litigation filed or claimed to have been filed, or which may hereafter be filed or claimed to be filed pursuant to the authority of such trust indenture; said attorney appointed herein to make written reports to this court." (Emphasis supplied.)

On December 9, 1953, Mr. Scranton made a report to the court which covered all matters set forth in the order of November 18, 1953, and as to the instant case, number 53 C 2011, recommended the appointment of a neutral bank as trustee under the will of Helen I. Soutter, deceased. The report was delivered to all parties interested. Defendant objected to the report

and recommendations. The court on December 16, 1953, entered an order, which reads in part as follows:

". . . upon the motion of Cassius A. Scranton, attorney for Adaline C. Smallwood . . . and upon his Report to the Court . . . and having heard the arguments of the other counsel in this cause; and the Court being fully advised . . . finds that a bank qualified to handle trusts should be appointed as trustee under the will of Helen I. Soutter, deceased. . . .

"It is therefore ordered, adjudged and decreed that Central National Bank in Chicago, a national banking association, be and it is hereby appointed as trustee under the will of Helen I. Soutter, deceased; and

"That William H. Soutter, as executor thereunder be requested to make an accounting in the Probate Court to the bank as trustee . . . and to promptly turn over to the bank as trustee . . . all of the assets belonging to the trust estate under said will. . . ."

Defendant Soutter objected. The bank filed its acceptance of the trust. Subsequently on January 12, 1954, Soutter filed a motion to vacate the decree. This motion was denied. He appealed.

While in the will of the testatrix there are no particular words creating a trust, the will's context makes it clear that it was her intention to do so. The disposition of the income to certain beneficiaries during their lives and of the principal to a remainder beneficiary implies this trust intent. None of the parties to the proceeding disputes this.

■ Defendant Soutter further contends that by the provisions of paragraphs seven and eight of the will, hereinbefore set forth, it is clear that it was the intention of the decedent that he act as trustee. Defendant University of Chicago and the Central National Bank in Chicago, the trustee named by the court, contend adversely that all that paragraph eight does or could have been intended to do is to define and ex-

tend the powers of the executor who had been desig-
nated in the preceding paragraph of the will. They
argue that there are no words whatever indicating that
she appointed defendant Soutter trustee, that had she
so intended she would have done so by the same simple
and direct language used in appointing him executor.
It is apparent that determination of this issue was for
the court. If after a proper hearing the court decided
that defendant Soutter was not named trustee it had
the power to name one. Golstein v. Handley, 390 Ill.
118, 125; Churchill v. Marr, 300 Ill. 302, 311.

The trial court instead of hearing and determining
this issue and others raised by the complaint and an-
swer entered the order of November 18, the relevant
part of which we have heretofore set forth.

The background for the entry of such an order, as
we have ascertained from the record, is that plaintiff
is an elderly woman 86 years of age who lives in an old
people's home. After the instant action had been started
differences arose between plaintiff and her attor-
ney, who also represented her in the other proceedings
mentioned in the order. It is apparent that the court
thought that she was confused and to determine what
action should be taken the court entered the order.
It was very unusual. It named Mr. Scranton, a lawyer
of high reputation at the bar, known for his integrity
and ability. Any comments that we may hereafter
make are not to be considered as a reflection upon him.

The order refers to the instant case, to the other
proceedings in the circuit court and to the estate of
Helen I. Soutter, deceased, then pending in the probate
court. Nowhere in the order of November 18 is there
any authority given Scranton to *inquire* into and re-
port on the matters and merits involved in the Soutter
will proceeding, case number 53 C 2011. He is author-
ized only to *represent, protect* and report to the court
concerning the interests of Mrs. Smallwood in the
latter proceeding. Assuming even his authority to

inquire into and report on the matters involved in the Smallwood trust, if that authority was to be extended it ought to have been done by order of the court. (Federal Life Ins. Co. v. Looney, 180 Ill. App. 488, 497.) We have no knowledge of a rule of law which would authorize the court to delegate these judicial duties. No authority has been cited. Mr. Scranton was not a master in chancery nor could the order be construed to appoint him a special master in chancery. He filed a report which states that he examined the records in the three separate proceedings, interviewed certain parties and made other investigations. These acts were all ex parte. On the basis of this, recommendations were made in his report. The parties were given no opportunity to file objections to the report nor to have a hearing on it before Mr. Scranton. At the time the report was filed with the court, defendant Soutter objected to it as going beyond the authority given by the order of November 18. The court, however, entered a decree based on the report appointing the Central National Bank in Chicago as trustee under the last will of Helen I. Soutter, deceased.

█ The law in this State is that there can properly be no reference to a special or other assistant to a court in a chancery proceeding except as authorized by statute. Simpson v. Harrison, 328 Ill. App. 425; Phillips v. O'Connell, 331 Ill. App. 511; Price v. Seator, 337 Ill. App. 248; Pokorney v. Pokorney, 348 Ill. App. 364. There is no other procedure which defines the responsibilities of any other persons as assistants or officers of the court with the authority to administer oaths to witnesses, and otherwise perform the duties of a master or other statutory officer in matters of chancery reference. (Simpson v. Harrison, supra, at 431–3; Pokorney v. Pokorney, supra, at 370.)

██ Courts have no power to delegate any of their duties unless clearly authorized by law. It is therefore apparent that the decree of the court appointing a new

309

trustee based upon the report of Mr. Scranton was without authority in law. Defendant Soutter was entitled to have a full and complete hearing before the court on the issues raised by the pleadings and not have the issues adjudicated in the unusual manner that they were.

The decree of the trial court is reversed and the cause remanded with directions to the court to hear the cause and to determine the issues.

Decree reversed and cause remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.