(No. 42190.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT DEAN BROUHARD, Appellant.

*Opinion filed November 30, 1972.*

GUNNER, KELLER and MAGDICH, of Dixon (THOMAS M. MAGDICH, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and F. LAWRENCE LENZ, State's Attorney, of Freeport (JAMES B. ZAGEL, Assistant Attorney General, JAMES W. JERZ and JAMES A. MURPHY, Model District State's Attorney's Office, Elgin, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Stephenson County which, following an evidentiary hearing, denied defendant's amended petition for relief under the Post-Conviction Hearing Act. Ill.Rev.Stat. 1967, ch. 38, par. 122—1 *et seq.*

The defendant, Robert Brouhard, a parolee, was indicted for burglary and unlawful use of weapons and the

public defender was appointed to represent him. The morning that the case was set for trial the public defender and the State's Attorney entered into extensive plea negotiations. The defendant rejected two of the State's Attorney's proposals. The prosecutor then stated that since the defendant had some time left to serve on a previous 5 to 12 year sentence from which the defendant was on parole, he would recommend a sentence with a minimum of 10 and a maximum of 15 years on the burglary charge, to run consecutively to the sentence from which defendant had been paroled. The State's Attorney also agreed to dismiss the unlawful use of weapons charge. The defendant was then taken before the court. He withdrew his not-guilty plea to the charge of burglary, waived his right to jury trial and entered a plea of guilty. The State's Attorney, at the request of the court, advised the court of the nature of the offense and the facts surrounding it, introduced copies of defendant's three previous felony convictions and recommended the alleged agreed sentence. The court accepted the recommendation and imposed the sentence. The charge of unlawful use of weapons was then dismissed.

Defendant first argues that the trial judge did not advise him and that he did not know that the sentence imposed could be made to run consecutively to the one from which he was on parole. The record of the post-conviction hearing contradicts this contention as to his lack of knowledge. At the hearing his primary contention was that the State's Attorney had agreed to recommend a sentence of from 5 to 10 years but instead recommended the sentence imposed. Defendant testified that he knew he still had four years remaining on his original sentence and whether he would have to serve this remaining time or whether it would run with a sentence imposed by the court was up to the parole board. He stated that when he decided to agree to the recommenda-

tion of the State's Attorney it was his belief that he would have to serve a minimum of five years "tacked on to the four which had not yet been served." The public defender who had represented the defendant testified that he had informed the defendant that the State's Attorney had agreed to recommend a sentence of from 10 to 15 years to run subsequent to the uncompleted term in the earlier case. Clearly the defendant knew that the sentence to be imposed on the plea of guilty could be made to run consecutively to the time remaining on the earlier sentence and he knew that the recommendation of the State's Attorney would be to that effect, whether the sentence to be recommended was 10 to 15 years or 5 to 10 years.

As to the court's duty to admonish the defendant that the term imposed could be made to run consecutively to the earlier sentence, no such admonition was necessary. This sentence was imposed in 1966. The duty of the court with regard to admonishing defendants at that time was governed by section 113—4(c) of the Code of Criminal Procedure (Ill.Rev.Stat. 1965, ch. 38, par. 113—4(c)), which in substance provided that a plea of guilty shall not be accepted until the court shall have explained to the defendant the consequences of such plea and the maximum penalty which may be imposed. Our then rule 26(3)(Ill.Rev.Stat. 1965, ch. 110, par. 101.26(3)) also required the court to find that the defendant understands the nature of the charge against him and the consequences thereof if found guilty. The more detailed requirements of our present Rule 402 (50 Ill.2d R. 402) concerning accepting pleas of guilty and pleas resulting from agreements are not applicable to this case.

Under our present Rule 402, when a plea of guilty is entered as a result of plea negotiations, before accepting the plea, the court has an opportunity to be informed as to the nature of the proposed arrangement and in the course of these proceedings can be informed of a prior conviction

and parole of the defendant. However, under the accepted procedure in 1966, the court would not be informed prior to accepting the plea of guilty that the defendant had previously been convicted or that he was on parole. This information would not have been presented to the court until after the plea of guilty had been accepted and a hearing in aggravation and mitigation conducted. The court was therefore not in a position to inform the defendant upon accepting his plea of guilty that the sentence to be imposed could be made to run consecutively to the time remaining on the sentence from which he was on parole. It was therefore not necessary for the court to so admonish defendant when informing him of the consequences of his plea of guilty.

Defendant's second contention attempts to raise the statutory requirement of a hearing in aggravation and mitigation to a constitutional issue. This court has held that the provisions of section 1—7(g) of the Criminal Code (Ill.Rev.Stat. 1965, ch. 38, par. 1—7(g)) requiring a hearing in aggravation and mitigation do not stem from constitutional command nor confer constitutional rights. (*People v. Wade, 47 Ill.2d 38, 41; People v. Fuca, 43 Ill.2d 182, 185.*) This contention is therefore not proper to be considered under the provisions of the Post-Conviction Hearing Act.

As a part of this contention the defendant asserts that the court relinquished its judicial function of sentencing and acted as a rubber stamp for the State's Attorney. We do not agree. Prior to the imposition of the sentence the court asked for recommendations. In the presence of the defendant and his counsel, the State's Attorney then informed the court of the nature of the particular offense and presented certified copies of the three previous felony convictions of the defendant to the court. The court was also informed that the defendant had been released on parole only a few weeks before he was apprehended in this

burglary. Adequate facts had been presented to the court upon which it could base a determination independent of the recommendation of the State's Attorney. The fact that the trial judge was agreeable to accepting the recommendation of the State's Attorney does not indicate that he abdicated his judicial function of sentencing.

The defendant's third contention is that the trial court was aware of the plea negotiations and therefore should have determined prior to accepting the defendant's plea of guilty whether it was the result of any promise, inducement or threat. This point was not raised in the amended post-conviction petition nor urged in the trial court and we will not now consider it. Ill.Rev.Stat. 1967, ch. 38, par. 122—3; *People v. French, 46 Ill.2d 104, 108.*

For the same reason, we will not consider the defendant's final contention that the imposition of the sentence to run consecutively to the time remaining on the defendant's prior sentence resulted in a revocation of his parole.

The decision of the circuit court of Stephenson County is affirmed.

*Judgment affirmed.*