THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL LOVE, Defendant-Appellant.

Third District   No. 79-834

Opinion filed May 9, 1980.

James L. Reese, of Blodgett & Reese, of Rock Falls, for appellant.

Timothy J. Slavin, State's Attorney, of Morrison (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

After bench trial in Whiteside County, Michael Love, the defendant, was found guilty of the offense of aggravated battery and sentenced to one year probation. A condition of his probation was that he make restitution to the victim for the amount of medical expenses not covered by insurance. The amount of such restitution was to be computed by the probation department.

In the defendant's trial it was established that the defendant and one Brickle on the evening of January 26, 1979, were involved in a fight in which the defendant fared poorly and was struck in the face. After leaving the scene of the altercation and while in the company of friends the defendant threatened to assault Brickle with a knife if he had another confrontation with him. Later in the evening the defendant sought out Brickle and upon locating him made a statement to the effect that he didn't want to fight but only wanted to talk. Brickle responded by advising the defendant that he should leave the area. The defendant refused to leave and Brickle initiated a second fight. The defendant again fared poorly and was forced into a street, then across a traffic lane to a median strip. Upon reaching this strip the defendant pulled a pocket knife from his pocket, opened it and began swinging and stabbing at Brickle. The defendant stabbed Brickle four or five times and ultimately the victim Brickle fell to the ground, at which time the defendant fled from the scene.

In this appeal it is the defendant's contention that his use of force was justified pursuant to section 7—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 7—1), which provides:

"A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony." Ill. Rev. Stat. 1977, ch. 38, par. 7—1.

We cannot agree with this contention of the defendant, for it is abundantly clear from the record that the defendant, while armed with a knife, consciously and actively sought out the victim with the expressed intent of using a knife should a second confrontation occur. The defendant was fully aware of the fact that the victim had a reputation for violent tendencies, yet after his first encounter with him he persisted in again meeting him and ignored a warning that he should leave the area.

A case quite similar to the instant one is *People v. Munguia* (1975), 33 Ill. App. 3d 880, 338 N.E.2d 574. In *Munguia* the reviewing court approved a trial court's instruction which stated:

> " 'A person is not justified in the use of force if he initially provokes the use of force against himself with the intent to use that force as an excuse to inflict bodily harm upon the other person.' " 33 Ill. App. 3d 880, 883, 338 N.E.2d 574, 577.

In regard to this instruction the reviewing court in *Munguia* concluded:

> "The instruction properly informed the jury that if it found the defendant was being threatened by the victim just prior to the stabbing, that this finding would not excuse the stabbing if the jury further found defendant provoked such conduct by his reentry into the tavern with a knife." 33 Ill. App. 3d 880, 884, 338 N.E.2d 574, 577.

A further discussion of the defendant's action in this case would be repetitious. In the light of the law set forth in *Munguia* the defendant provoked the use of force against himself by seeking out the victim Brickle and thereby placing himself in a volatile situation. The defendant's conduct was not such as to be justified by falling within the ambit of our statutory provision relating to the use of force in defense of one's person. Ill. Rev. Stat. 1977, ch. 38, par. 7—1.

The defendant presents for review several ancillary issues to the effect that he was not required to retreat when attacked and that his use of a weapon (the knife) was necessary to prevent the commission of a forcible felony. We find no merit in these assertions of the defendant and further deem them to be moot since we have determined that he provoked the altercation by his conduct.

The defendant further asserts that public policy is opposed to his conviction. This argument is unimpressive since the converse could be true in that public policy requires that violators of the law be convicted.

The defendant further argues that the trial court erroneously delegated judicial authority to the probation department by ordering that department to determine the amount of restitution to be paid to the victim. With this argument we agree since determining the terms and conditions of probation is a judicial function. (*People v. Brouhard* (1972),

53 Ill. 2d 109, 290 N.E.2d 206.) In *Brouhard* our supreme court implicitly recognized that sentencing is constitutionally a judicial function. Courts have no power to delegate judicial functions unless clearly authorized by law. *Smallwood v. Soutter* (1955), 5 Ill. App. 2d 303, 125 N.E.2d 679.

For the reasons stated the conviction of the defendant by the circuit court of Whiteside County is affirmed; however, this case is remanded to said court for proper resentencing.

Conviction affirmed; remanded for resentencing.

STENGEL and STOUDER, JJ., concur.