THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROOSEVELT STUCKEY, Defendant-Appellant.

Third District    No. 80-424

Opinion filed February 10, 1981.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:
Following a jury trial in the Circuit Court of Peoria County, the defendant, Roosevelt Stuckey, was found guilty of theft of property

exceeding $150 in value. After a sentencing hearing, the defendant was sentenced to a four-year term of imprisonment to be served concurrently with his 1½-year sentence for a 1979 Tazewell County conviction for retail theft. The only issues raised by the defendant on appeal are (1) whether the trial court improperly delegated its judicial authority by not computing the time spent in custody for the 1979 conviction as credit against his Peoria County conviction, and (2) whether he should receive "credit" against his four-year sentence from the date of his incarceration for the Tazewell County theft conviction. We affirm the conviction and sentence.

On December 5, 1979, the defendant was charged by way of indictment with the offense of felony theft. On that date, the defendant was incarcerated in the Department of Corrections Logan County Correctional Center pursuant to a judgment of conviction for retail theft entered on November 13, 1979, in the Circuit Court of Tazewell County. That court sentenced the defendant to a term of imprisonment of 1½ years. The Tazewell County conviction and the instant offense are completely unrelated. Except for the defendant's three appearances in the circuit court relating to his trial for felony theft, he remained in the Logan County Correctional Center. The jury returned a guilty verdict on the felony theft charge. Following a sentencing hearing on August 8, 1980, the trial court, noting the defendant's history of prior criminality, sentenced him to a term of four years of imprisonment which was to be served concurrently with the Tazewell County sentence. The defendant then asked the trial judge whether he would receive credit for time spent in custody while awaiting the prosecution of the instant case according to section 5—8—7 of the Unified Code of Corrections. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7.) The court refused to make such a determination and stated that the Department of Corrections was to calculate the amount of credit. Although the record does not indicate the amount of credit calculated by Corrections, the defendant's brief alleges that he received credit against his four-year sentence only from the date of sentencing, August 8, 1980. The State does not dispute this allegation.

The defendant contends that the trial court improperly delegated its sentencing authority to a nonjudicial official by leaving to the Department of Corrections the task of computing the amount of time in custody to be credited against the defendant's four-year sentence. He further argues that the Department of Corrections improperly calculated such credit. According to the defendant, he should receive credit against the Peoria County sentence from the date of the Tazewell County conviction in order to effectuate the trial court's intention that the four-year sentence run concurrently with the Tazewell County sentence.

■■ In *People v. Brouhard* (1972), 53 Ill. 2d 109, 290 N.E.2d 206, the

supreme court reaffirmed the long-established principle that the sentencing determination is a judicial exercise. The sentence rendered must be so complete that nonjudicial interpretation is unnecessary. (*People v. Walton* (1969), 118 Ill. App. 2d 324, 254 N.E.2d 190.) Consequently, Illinois courts have no authority to delegate this judicial function absent clear authorization by law. *Smallwood v. Soutter* (1955), 5 Ill. App. 2d 303, 125 N.E.2d 679.

■■■ We cannot agree with the defendant's contention, however, that the determination of section 5—8—7 credit for time spent in custody may not be delegated to the Department of Corrections. That section reads:

"§5—8—7. Calculation of Term of Imprisonment. (a) A sentence of imprisonment shall commence on the date on which the offender is received by the Department or the institution at which the sentence is to be served.

(b) The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed, at the rate specified in Section 3—6—3 of this Code.

(c) An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to his arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence."
(Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7.)

Both section 5—8—7 and its predecessor have been interpreted to sanction the delegation to the Department of Corrections of the computation of credit for time spent in custody. In *People v. Johnson* (1974), 23 Ill. App. 3d 886, 321 N.E.2d 38, the court noted that, while Corrections could more conveniently compute section 5—8—7 credit, trial judges frequently performed the same task. The court concluded that either entity may calculate the credit, as long as it is given as required. The predecessor to section 5—8—7, section 119—3 (Ill. Rev. Stat. 1965, ch. 38, par. 119—3), also was interpreted to permit the delegation to Corrections of the calculation of time spent in custody. (*People v. Smith* (1967), 90 Ill. App. 2d 310, 234 N.E.2d 31, *cert. denied* (1971), 402 U.S. 945, 29 L. Ed. 2d 114, 91 S. Ct. 1623; *People v. Killion* (1969), 113 Ill. App. 2d 461, 251 N.E.2d 411.) Although the text of section 5—8—7 varies slightly from section 119—3, section 5—8—7(b) specifically requires the calculation of credit at the rate determining the Department of Corrections regulations, just as section 119—3 provided. The General Assembly, by repeating the previously construed provision in the amended section, implicitly ratifies the judicial construction given to that original provision. (1A A. Sutherland,

Statutory Construction §22.33, at 191-92 (4th ed. 1972).) Hence, we hold that the trial judge properly delegated to the Department of Corrections the determination of credit for time spent in custody.

■■ The defendant's second contention apparently is that regardless of whether the delegation was correct, this court should allow "credit" against his four-year sentence for time served for the Tazewell County conviction. He argues that to effectuate fully the sentencing court's intention that the Peoria County conviction be served concurrently with the Tazewell County conviction, we must, in effect, relate back the sentencing date of the instant offense to the beginning of the Tazewell County incarceration. The defendant concludes that, if we do not relate back the instant sentence, he would receive a "hybrid partly-concurrent and partly-consecutive sentence" which is contrary to the trial judge's intention. In other words, he argues that concurrent sentences should commence concurrently even though the two sentences in the case at bar arose from unrelated criminal offenses.

The defendant's "relation back" argument is without any statutory support. First, the defendant's brief mistakenly characterizes this relation back as "credit." The only statutorily authorized credit is found in section 5—8—7 of the Unified Code of Corrections. Such credit is inapplicable in the instant case because section 5—8—7 applies only to where the custody was a result of the offense for which the sentence was imposed. (See, *e.g.*, *People v. Roberts* (1977), 47 Ill. App. 3d 524, 362 N.E.2d 706; (section 5—8—7(b)); *People v. Speller* (1977), 46 Ill. App. 3d 208, 360 N.E.2d 1155 (section 5—8—7(c).) Second, section 5—8—7(a) directly contradicts his argument by declaring that a sentence of imprisonment commences on the date the offender is received by the Department of Corrections. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7(a).) Clearly, the sentence referred to in that subsection relates to the offense for which the sentence was imposed and not an unrelated offense. In the case at bar the trial court simply intended the two sentences to run concurrently from the date of the second sentence. The felony theft sentence was not any less concurrent merely because nine of the 18 months on the defendant's first sentence had expired before the second sentence was imposed. Thus, the defendant's four-year sentence properly commenced on August 8, 1980.

For the foregoing reasons, we affirm the defendant's conviction and sentence.

Affirmed.

SCOTT, P. J., and HEIPLE, J., concur.