THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRENDA M. JONES, Defendant-Appellant.

Second District   No. 2—87—0002

Opinion filed June 23, 1989.—Rehearing denied July 27, 1989.

## SUPPLEMENTAL OPINION*

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Brenda M. Jones, was found guilty following a jury trial in the circuit court of Kane County of unlawful delivery of a substance containing less than 15 grams of cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)). She was sentenced to a 30-month probationary term, conditioned, in part, upon receiving a drug and alcohol evaluation from the Kane County Diagnostic Center and upon her following its recommended course of treatment.

In her appeal, defendant initially raised two issues: (1) whether she should receive a new trial because, although the trial judge made findings which amounted to a determination that the prosecutor failed to provide a race-neutral explanation for his peremptory challenge of the only black person in the venire, he misapplied the law and denied her motion for a mistrial; and (2) whether the trial court improperly delegated its sentencing authority by ordering defendant, as a condition of probation, to submit to a drug-evaluation program and to comply with any treatment recommended by the program.

In our original opinion in this case, *People v. Jones* (1988), 177 Ill. App. 3d 663, 532 N.E.2d 543, we considered only the first issue raised, that concerning the prosecutor's peremptory challenge of the only black person in the venire, and remanded to the circuit court to conduct a hearing under the principles enunciated in *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, retaining jurisdiction to review the circuit court's decision following a *Batson* hearing and for consideration of the sentencing issue raised, but not decided, in our original opinion. The circuit court conducted the hear-

---

*See 177 Ill. App. 3d 663.

ing and found that defendant had failed to establish a *prima facie* case of discrimination and, even if a *prima facie* case were shown, the prosecutor presented a racially neutral explanation for discharging the juror.

On return of the case to this court, defendant raises two additional issues: (1) whether her absence from the proceeding below requires another remandment for a new *Batson* hearing where she is present, and (2) whether the findings of the circuit court following the *Batson* hearing were an abuse of discretion.

During *voir dire* in the original trial, the prosecuting attorney exercised a peremptory challenge against Donald Sivels, the only black member of the venire. Defendant is also black. At that point, defense counsel asked, pursuant to *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, to hear an explanation as to why Sivels was excused. He noted that defendant and Sivels were of an identifiable racial grouping, that Sivels was the only black man in the venire, and that *Batson* allowed him to shift the burden to the State to explain the challenge.

The trial judge responded that he believed it was up to the assistant State's Attorney to offer an explanation of why he excused Sivels. The assistant State's Attorney stated, in this regard, that he challenged Sivels because Sivels demonstrated a hesitancy when answering questions concerning whether or not he had strong feelings about the sale or possession of illegal drugs. He further maintained that he was concerned because Sivels had previously served on a civil jury and that he was afraid Sivels would confuse the burdens between the civil and criminal cases.

At that time, the trial judge stated that, although he was not totally familiar with the *Batson* decision, he believed, based on the questioning and answers of Sivels, that there had not been a showing of cause to excuse Sivels. He also noted that if he had been the assistant State's Attorney, he would not have excused Sivels by use of a peremptory challenge.

At the hearing on remand, the court noted that defendant was not present. Defense counsel indicated that he wrote to defendant at her last known address informing her that the hearing was to be held on February 10, 1989. Defense counsel further stated that, assuming defendant received the letter, she had elected not to appear. The trial court asked if defense counsel was waiving defendant's presence, to which defense counsel replied, "I'm asking that her presence be waived." The trial court then asked if defense counsel meant for purposes of the hearing, to which defense counsel re-

sponded, "Yes, sir." The hearing was conducted without defendant being present.

As to the *Batson* issue, defense counsel pointed to juror Sivels' employment with the Department of Corrections, that he had a friend who is a police officer, that he had been a plaintiff in a prior lawsuit, that he had been a juror in a civil case, and that he had been a victim of a burglary, as indicating that Sivels would be a juror favorable to the State. He further noted that Sivels' answer to a question regarding drug use during *voir dire* indicated that he thought it was against the law and wrong.

Defense counsel also focused on several white venirepersons who responded to questions regarding drugs. One venireperson appeared hesitant before answering, one answered that he had no strong feelings about drugs, and one indicated that she had no personal feelings about persons who use or sell drugs. Defense counsel essentially argued that comparing Sivels to those venirepersons demonstrates a *prima facie* case of discrimination. The trial court then allowed the State to rebut defendant's *prima facie* argument.

The State relied on *People v. Evans* (1988), 125 Ill. 2d 50, 530 N.E.2d 1360, in arguing that there are no relevant facts and circumstances which give rise to an inference of racial discrimination in this case. The State pointed out that there is no pattern of strikes because only one black venireperson was challenged, that the prosecutor's questions and statements do not indicate a racial motivation in challenging Sivels, that the number of peremptory challenges is not disproportionate in terms of the number used to strike blacks because of the four peremptory challenges used, only one was used to strike a black, and that the race of the defendant and the State's principal witness is the same.

At the conclusion of the State's rebuttal argument and before determining whether defendant has established a *prima facie* case of purposeful discrimination, the trial court allowed the State to argue its racially neutral reasons for excusing Sivels. The State first offered, as a racially neutral explanation for excusing Sivels, that Sivels hesitated in answering a question regarding drug use and sales. At that point, the trial court referred the prosecutor to his remarks at the prior trial in which the prosecutor stated that he peremptorily challenged Sivels for two reasons, that he hesitated when responding to questions about drugs and that he had been a juror in a civil trial. The prosecutor indicated that he was adopting those same reasons as racially neutral explanations in this hearing as well.

The trial court found that based on his recollection and review

of the record there was no indication of racial discrimination in striking Sivels. The trial judge further observed that during his 3½ years trying felony jury cases in Kane County he never perceived discriminatory exclusion of minorities from juries. Further, he has observed the prosecutor in this case try numerous cases involving minorities, and he has never felt that the prosecutor had participated in any racially discriminatory jury-selection practices. The trial court also found, based upon his recollection of Sivels and review of the record, that Sivels did hesitate in answering the question regarding drugs.

The trial court then ruled that defendant failed to establish a *prima facie* case of purposeful discrimination by the prosecutor. Alternatively, the trial court ruled that even if a *prima facie* case were established, the State offered a racially neutral explanation for peremptorily challenging Sivels.

Defendant initially contends that because she was absent from the hearing on remand she was denied her right to be present, which affects her substantial rights. She also argues that the letter mailed to her last address was inadequate notice to her of the hearing and further "notes" that the Kane County public defender's office, which represented her at the original trial, may not have properly represented her at the *Batson* hearing as it is "conceivable" she may not have qualified at the *Batson* hearing as indigent or she may have wanted to have another attorney.

The record shows that at the hearing on remandment the assistant public defender, who also represented her at her original trial, appeared and stated to the court that he wrote defendant at her last known address and indicated the hearing would be held on that day. He further stated that he assumed she received the letter and had elected not to appear. He waived her presence. On this record, we cannot determine whether defendant was notified or not or whether she wanted other counsel. Whether there are facts outside the record which might show a substantial denial of her constitutional rights in this regard is a matter that may lie within the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). Even assuming defendant was not notified of the remandment proceeding, we find no denial of her substantial rights.

■ In examining defendant's argument that she was denied her right to be present, which affects her substantial rights, we perceive this contention to be in the context of the due process clause of the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV) and to article I, section 2, of the Illinois Con-

stitution (Ill. Const. 1970, art. I, §2). (See *Snyder v. Massachusetts* (1934), 291 U.S. 97, 78 L. Ed. 674, 54 S. Ct. 330; *People v. Martine* (1985), 106 Ill. 2d 429, 439-40, 478 N.E.2d 262.) The defendant's right to be present during her trial is violated only when the exclusion occurs at a time when the trial court is conducting a hearing involving defendant's substantial rights. (*Martine*, 106 Ill. 2d at 439, 478 N.E.2d at 266.) Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. *Kentucky v. Stincer* (1987), 482 U.S. 730, 745, 96 L. Ed. 2d 631, 647, 107 S. Ct. 2658, 2667; see also *People v. Kubat* (1983), 94 Ill. 2d 437, 493-94, 447 N.E.2d 247.

The proceeding on remand consisted of legal arguments and statements by counsel with reference to the record in the original hearing. New evidence was not offered by either side. While defendant has speculated on appeal that her absence foreclosed her from perhaps suggesting other persons who were present during the *voir dire* who might testify to the demeanor of the jurors or that she might testify to the events during the original *voir dire*, we find this contention without merit. Defendant has not contended that her counsel was ineffective for failure to call any witnesses, and, considering that our remandment order did not direct a new *Batson* hearing, but permitted the presentation of additional evidence by defendant, we find her right of due process was not violated by her absence from the hearing on remand as there is no indication defendant could have done or gained anything by being present. (See *United States v. Gagnon* (1985), 470 U.S. 522, 527, 84 L. Ed. 2d 486, 490, 105 S. Ct. 1482, 1485.) The record of the original *voir dire*, and the arguments thereon at the hearing on remand, were sufficient to present the issue of purposeful discrimination in jury selection by the prosecutor, as the main fault in the original proceeding was the trial court's failure to evaluate and make findings according to the standards set forth in *Batson*. We, accordingly, find no due process violation on remandment under the circumstances of this case.

▇▇ ▇ Turning to the merits of the trial court's decision on remand, we first observe that the trial court's determination that a defendant has failed to establish a *prima facie* case of purposeful discrimination is a finding of fact and will not be overturned unless it is found to be against the manifest weight of the evidence. (*People v. Brisbon* (1989), 129 Ill. 2d 200, 231.) To establish a *prima facie* case, defendant must first establish that he is a

member of a cognizable racial group and that the State has peremptorily challenged a member of that racial group. (*People v. Evans* (1989), 125 Ill. 2d 50, 63, 530 N.E.2d 1360.) Secondly, defendant is entitled to rely on the fact that peremptory challenges permit those to discriminate who are of a mind to do so. (*Evans*, 125 Ill. 2d at 63, 530 N.E.2d at 1365.) Finally, defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor peremptorily challenged a venireperson on account of his or her race. (*Evans*, 125 Ill. 2d at 63, 530 N.E.2d at 1365.) Defendant has met the first element, and, therefore, we need only determine whether, considering all relevant circumstances, defendant has established a *prima facie* case of discrimination.

■■ Relevant circumstances the trial court may consider in determining whether there is discrimination include: a "pattern" of strikes against black jurors; the prosecutor's questions and statements during *voir dire* examination and in exercising his challenges; the disproportionate use of peremptory challenges against blacks; the level of black representation in the venire as compared to the jury; whether the excluded blacks were a heterogeneous group sharing race as their only common characteristic; and the race of the defendant, victim, and witnesses. (*Evans*, 125 Ill. 2d at 63-64, 530 N.E.2d at 1365.) Such factors are not exhaustive, and the trial court should look to all relevant circumstances in assessing whether the prosecutor's use of peremptory challenges establishes a *prima facie* case of discrimination. (*People v. Jones* (1989), 177 Ill. App. 3d 663, 669, 532 N.E.2d 543; see *Batson v. Kentucky* (1986), 476 U.S. 79, 97, 90 L. Ed. 2d 69, 88, 106 S. Ct. 1712, 1723; *Evans*, 125 Ill. 2d at 63, 530 N.E.2d at 1365.) Furthermore, trial judges are in the best position to make this determination because they are familiar with local conditions and prosecutors and can draw upon their powers of observation and judicial experience as a guide in distinguishing a true case of discrimination from a false one. *Evans*, 125 Ill. 2d at 66-67, 530 N.E.2d at 1366-67.

Here, defendant argues that the circumstances relevant to the *prima facie* case of discrimination are based on Sivels' friendship with a police officer, his being a victim of a burglary, and his prior experience on a civil jury, all showing that he was a favorable juror for the State and, thus, there is a reasonable inference of discrimination due to the State's peremptory challenge of Sivels. Defendant also relies on the fact that Sivels was the only black on the venire. Although the State raised a question at the hearing on remand as to whether Sivels was the only black member of the venire, we will as-

sume that to be the case for purposes of our analysis.

As we noted in our original opinion in this case, the fact that the prosecution eliminates all members of defendant's race from the venire is merely one relevant factor in determining whether a defendant has established a *prima facie* case of discrimination. (*Jones*, 177 Ill. App. 3d at 669, 532 N.E.2d at 546.) Neither are we persuaded by the fact that Sivels arguably appeared to be a "favorable" juror for the State. The fact that Sivels was a friend of a police officer, a prior burglary victim himself, and a juror in a civil trial, does not necessarily lead to the conclusion that Sivels would be more favorable to the State. More importantly, even if Sivels might be considered to be more favorable to the State, the fact that the State peremptorily challenged him does not create an inference of discrimination. As defendant does not point to any other relevant circumstances, including those set forth in *Evans*, that would establish a *prima facie* case, nor do we identify any from the record, the trial court's determination that defendant did not establish a *prima facie* case of discrimination is not against the manifest weight of the evidence. We are further persuaded by the trial court's consideration of the relevant circumstances in light of its own experience with and familiarity of local prosecutorial practices as well as its past observations of the particular prosecutor in this case. See *People v. Mahaffey* (1989), 128 Ill. 2d 388, 415; *Evans*, 125 Ill. 2d at 67, 530 N.E.2d at 1367.

Although *Batson* requires that a defendant establish a *prima facie* case of discrimination before the prosecutor is required to articulate his racially neutral explanation (*Evans*, 125 Ill. 2d at 68-69, 530 N.E.2d at 1367), the trial court, on remand, allowed the State to go forward with its racially neutral explanations prior to ruling on whether defendant established a *prima facie* case of discrimination. The record does not show prejudice to the defendant, nor does it indicate that the trial judge was confused over his responsibilities under *Batson* in the hearing on remand. Although we perceive no error in proceeding in this fashion in this case, this is not the recommended procedure as set forth in *Batson*.

Even if we determined that defendant established a *prima facie* case here, we would still affirm the trial court based on its ruling that the State offered a racially neutral reason for its peremptory challenge of Sivels. The trial court's finding that the State has provided racially neutral reasons for its peremptory challenge of a member of defendant's race will not be reversed unless it is against the manifest weight of the evidence. (*People v. McDonald* (1988),

125 Ill. 2d 182, 199, 530 N.E.2d 1351.) The State points to two reasons for its peremptory challenge of Sivels, the first of which we find dispositive of this issue.

■■■ The State maintains that it peremptorily challenged Sivels because of his hesitancy in answering a question regarding drug use and drug sales. The trial court found that, based on its recollection and on its review of the record, Sivels had hesitated before answering the question. Hesitancy in answering is a racially neutral reason for excusing a black juror. (*People v. Young* (1989), 128 Ill. 2d 1, 28; *People v. Taylor* (1988), 171 Ill. App. 3d 261, 268, 524 N.E.2d 1216.) This is particularly true in light of the trial court's determination, based on its observation of Sivels, that Sivels had hesitated in answering the question. See *Young*, 128 Ill. 2d at 28; *Taylor*, 171 Ill. App. 3d at 269, 524 N.E.2d at 1221.

■■■ Defendant argues, however, that hesitancy in answering a single question is an insufficient racially neutral reason for striking a juror. The critical inquiry, however, is not the number of questions to which a particular venireperson hesitates, but whether that venireperson has displayed, through his demeanor or manner of answering a question, a bias against the State. (See *Young*, 128 Ill. 2d at 28.) If the trial court, in its observation of the venireperson, determines that he or she has demonstrated a bias or predisposition against the State, then it may accept that as a racially neutral reason for peremptorily challenging that venireperson. Hesitancy in answering a question about drug use and sales might certainly indicate a bias against the State or, at the very least, a reluctance to convict on a drug-related charge. Under the circumstances present in this case, the trial court's finding that the State excused Sivels for a racially neutral reason is not against the manifest weight of the evidence. Because of our disposition of this issue, we need not address the question of whether Sivels' former duty as a juror in a civil case constitutes a racially neutral reason for using a peremptory challenge to excuse him.

Finally, we address defendant's contention that the trial court improperly delegated its authority to sentence by ordering her to undergo drug and alcohol evaluation and to comply with any recommended treatment. Section 5—6—3(b)(4) of the Unified Code of Corrections states:

> "§5—6—3. Conditions of Probation and of Conditional Discharge.
>
> * * *
>
> (b) The Court may in addition to other reasonable condi-

tions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the Court require that the person:

* * *

(4) undergo medical, psychological or psychiatric treatment; or treatment for drug addiction or alcoholism ***." Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3(b)(4).

■■ Determination of the terms and conditions of probation is a judicial function. (*People v. Love* (1980), 83 Ill. App. 3d 948, 950-51, 404 N.E.2d 1085; see also *People v. Brouhard* (1972), 53 Ill. 2d 109, 113-14, 290 N.E.2d 206.) The trial court here, however, did not delegate its authority to determine the terms of probation. Rather, the terms of probation, which were set by the trial court, required defendant to undergo a drug and alcohol evaluation and to comply with any recommended treatment. The order did not delegate to the diagnostic center the determination of whether defendant should be evaluated or whether defendant should comply with any recommended treatment, but merely left to its determination the assessment of what, if any, treatment would benefit defendant. Due to the nature of this condition of probation, leaving determination of the recommended treatment to the diagnostic center was not an improper delegation of judicial authority. (*Cf. People v. Williams* (1981), 96 Ill. App. 3d 588, 590-91, 421 N.E.2d 1039.) Moreover, defendant did not object below to her treatment ordered by the court to be determined upon the evaluation of the Kane County Diagnostic Center. Of course, the conditions of probation may be modified by the court on motion of the defendant if the defendant contends the treatment is not appropriate. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(f).

We affirm the judgment of the circuit court of Kane County.

Affirmed.

UNVERZAGT, P.J., and LINDBERG, J., concur.