THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD E. THOMAS, Defendant-Appellant.

Fourth District    No. 4—90—0530

Opinion filed August 6, 1991.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellant.

John Robinson, State's Attorney, of Sullivan (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On May 8, 1990, following a jury trial in the circuit court of Moultrie County, defendant Ronald E. Thomas was convicted of driving under the influence of alcohol. On the day prior to trial, defendant entered a plea of guilty to possession of cannabis. Defendant was subsequently sentenced to concurrent terms of 18 months' probation, with one of the conditions of probation being that he serve 40 days in the county jail. Defendant was ordered to serve 10 days of the 40-day sentence at the beginning of his probation term, and the remaining 30 days could be waived by the proba-

tion department if defendant successfully completed a residential substance-abuse treatment program.

Defendant maintains on appeal that his sentence is void, because the trial court gave the probation department discretion to determine whether he would be required to serve 30 days in jail, upon successful completion of a drug-abuse program, as one of the conditions of his probation. We vacate the sentence and remand for resentencing.

■■ Initially, defendant acknowledges that, with respect to the sentence imposed on the charge of unlawful possession of cannabis, he did not file a motion to withdraw his plea or a motion to reconsider his sentence as required by Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) and the Illinois Supreme Court's interpretation of that rule in *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334. He further recognizes that he did not object to the sentence for driving under the influence of alcohol at the time it was imposed. He argues, nevertheless, that he has not waived the issue for purposes of appeal, because the sentence was void, and a void judgment may be attacked at any time. *People v. Wade* (1987), 116 Ill. 2d 1, 5, 506 N.E.2d 954, 955.

■■ The determination of the terms and conditions of probation is a judicial function (*People v. Brouhard* (1972), 53 Ill. 2d 109, 290 N.E.2d 206; *People v. Jones* (1989), 185 Ill. App. 3d 208, 218, 541 N.E.2d 161, 167), and courts have no power to delegate a judicial function unless clearly authorized by law to do so. (*Smallwood v. Soutter* (1955), 5 Ill. App. 2d 303, 309, 125 N.E.2d 679, 683.) Since there is no authorization to delegate the decision to incarcerate a defendant, that part of defendant's sentence is void and must be vacated. The defendant was not required to raise the issue earlier.

In *People v. Love* (1980), 83 Ill. App. 3d 948, 404 N.E.2d 1085, the trial court sentenced the defendant to one year's probation. A condition of the probation was that defendant make restitution to the victim for the amount of medical expenses not covered by insurance. The amount of such restitution was to be computed by the probation department. On appeal, the court reversed and remanded for resentencing, stating that the trial court erred in delegating to the probation department the determination of the amount of restitution.

Here, as in *Love*, the probation department was solely responsible for determining an integral part of defendant's sentence, *i.e.*, whether he would spend the final 30 days in prison if he did not successfully complete the program. Although it is clear the court in-

tended to remit the remaining 30 days' imprisonment upon defendant's successful completion of the program, it left to the probation department the decision as to whether defendant could be deemed to have been successful. This was not a function that could properly be delegated when the question of further incarceration is at stake.

The State argues *Jones* and *People v. Williams* (1981), 96 Ill. App. 3d 588, 421 N.E.2d 1039, to support the trial court's decision. In *Jones,* the defendant was convicted of unlawful delivery of cocaine and was ordered to undergo a drug and alcohol evaluation and to comply with any treatment recommended in the evaluation by the diagnostic center. The appellate court held there was no improper delegation of judicial authority, since the terms were set by the trial court. The *Jones* court noted the trial court did not delegate to the diagnostic center the determination of whether defendant should be evaluated or should comply with any recommended treatment. The only item left to the determination of the diagnostic center was an assessment of what, if any, treatment would benefit defendant. Regardless of whether we agree that the delegation of authority to the diagnostic center in *Jones* was proper, the degree of authority delegated here is much greater than that in *Jones.*

In *Williams,* the defendant was ordered to complete "80 hours of public service work under the supervision" of the probation department. (*Williams,* 96 Ill. App. 3d at 589, 421 N.E.2d at 1040.) This court determined that a trial court could properly rely on the probation department to supervise the work. The court noted it would place an "unreasonable burden" upon judges to require them to keep themselves sufficiently advised of the details of the public service work to make a determination as to when, where, and how the work was to be performed, and what the nature of the work should be. The court found the legislature to have implied delegation of this responsibility to probation officers. *Williams,* 96 Ill. App. 3d at 590-91, 421 N.E.2d at 1041.

In both *Jones* and *Williams,* the diagnostic center and probation department, respectively, merely supervised the defendants' probation and reported to the court whether the defendants were successful. Here, the court purported to give the probation department the power to waive the need for the defendant to serve the final 30 days in prison, if, in the opinion of the probation officer, he had successfully completed the program. Had the court required a hearing to determine whether defendant had successfully completed the program, so that the 30 days of additional incarceration could

have been remitted, the analogy to *Jones* and *Williams* would have been appropriate.

Accordingly, we vacate defendant's sentence and remand to the circuit court for resentencing.

Sentence vacated and remanded.

LUND, P.J., and McCULLOUGH, J., concur.