*In re* MARRIAGE OF DONALD R. STRIBLING, Petitioner and Counter-respondent-Appellant, and TERESITA STRIBLING BASKIS, Respondent and Counterpetitioner-Appellee.

Fifth District   No. 5—90—0487

Opinion filed August 23, 1991.—Rehearing denied October 1, 1991.

Donald Stribling, of West Frankfort, appellant *pro se.*

No brief filed for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The circuit court of Williamson County awarded custody of Christina to her mother, Teresita Stribling Baskis (hereinafter Teresita), over the claim of Christina's father, Donald R. Stribling (hereinafter Donald), and Donald appealed.

This cause commenced in 1986 when Donald filed his petition for dissolution of marriage. Custody hearings were held February 28 through March 4, 1989. In its April 28, 1989, order the trial court found both parties to be inappropriate custodians and ordered that Christina remain in temporary foster care. The court found that Teresita was the best candidate for custody and indicated that she should receive custody of Christina when her parenting skills improved. On January 31, 1990, Teresita petitioned the court seeking permanent custody of Christina. The trial was held on May 8, May 9, and June 11, 1990. On June 25, 1990, the trial court awarded permanent custody of Christina to Teresita, awarded Donald a minimum of four hours' monthly supervised visitation, and ordered him to pay $120 monthly child support. Donald, proceeding *pro se*, has raised the following issues for our review:

(1) Whether the trial court failed to consider all of the "best interests factors" listed in section 602 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 602).

(2) Whether the trial court's decision to award Teresita permanent custody of Christina and to limit Donald to four hours of supervised visitation per month was against the manifest weight of the evidence.

(3) Whether the trial court abused its discretion when it ordered that Donald could not attempt to modify the court's order for one year and thereafter only upon a showing of "emergency or serious endangerment."

(4) Whether the trial court abused its discretion when it ordered the Department of Children and Family Services (Department) to determine if Donald's visitation should be increased.

Teresita has filed no brief with this court. We shall address Donald's contentions in turn.

■ Donald initially argues that the trial court did not consider all of the "best interest factors" listed in section 602 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 602). Section 602 provides:

"§602. Best Interest of Child. (a) The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent or parents, his siblings and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school and community;

(5) the mental and physical health of all individuals involved;

(6) the physical violence or threat of physical violence by the child's potential custodian, whether directed against the child or directed against another person; and

(7) the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.

(b) The court shall not consider conduct of a present or proposed custodian that does not affect his relationship to the child.

(c) The court shall presume that the maximum involvement and cooperation of both parents regarding the physical, mental, moral, and emotional well-being of their child is in the best interest of the child. However, such presumption shall not be construed as a presumption that an order awarding joint custody is in the best interests of the child."

Specific findings of fact are not required under section 602; however, there must be some indication that the trial court considered the listed factors. (*Hollo v. Hollo* (1985), 131 Ill. App. 3d 119, 474 N.E.2d 827.) Before announcing its decision, the trial court stated:

"Let the record show that the Court has reviewed the statute, the various sections of the Marriage and Dissolution of Marriage Act relating to considerations the Court is to consider with reference to the granting of custody, criteria for the best interests of the child ***."

We conclude that the trial court considered the factors enumerated in section 602.

Donald next argues that the trial court's decision to award Teresita permanent custody of Christina and to restrict his visitation rights was against the manifest weight of the evidence. Before awarding custody to a party, it must be shown that such an award will be in the best interest of the child (Ill. Rev. Stat. 1989, ch. 40, par. 602), and before restricting a parent's visitation privileges, the trial court must find that the visitation would seriously endanger the child's physical, mental, moral, or emotional health (Ill. Rev. Stat. 1989, ch. 40, par. 607(c)).

■ The partial record presented to this court clearly reveals that the trial court's decision to award custody to Teresita and to restrict Donald's visitation rights was based in part on evidence presented at the February 28 through March 4, 1989, hearings. Donald, however, has not provided this court with the report of proceedings from those hearings.

The absence of a report of proceedings deprives the reviewing court of a basis for reaching issues of sufficiency of the evidence. (*In re Marriage of Hildebrand* (1988), 166 Ill. App. 3d 795, 797, 520 N.E.2d 995, 996.) Any doubt arising from the incompleteness of the record will be resolved against the appellant. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959.) Because a complete record was not tendered, we must presume that the evidence supported the trial court's decision.

Donald next contends that the trial court abused its discretion when it precluded Donald from attempting to modify the judgment for one year and, thereafter, only upon a showing of serious endangerment to Christina. The trial court's order is somewhat unclear as to whether it was referring to a change of custody or a change of visitation or both.

■ To the extent that the trial court was referring to the custody award, section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 610) clearly provides that no motion to modify a custody judgment may be made earlier than two years after the date of the order unless the parties enter into a stipulation or unless the child's present environment seriously endan-

gers his health. Also, once the two-year period has passed, a party may seek a modification of the custody award under the stringent requirements of section 610(b) (Ill. Rev. Stat. 1989, ch. 40, par. 610(b)). In this case the custody award to Teresita is nonmodifiable for two years. Thereafter, Donald may petition the court under section 610(b).

To the extent the court was referring to a change of visitation, we conclude that the "one-year limitation" issue is moot as the one-year period has passed. We conclude, however, that the trial court erred when it ordered that the visitation order was nonmodifiable except upon a showing of serious endangerment to Christina. Section 607(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 607(c)) provides in part: "The court may modify an order granting or denying visitation rights *whenever modification would serve the best interest of the child.*" (Emphasis added.) Donald could be entitled to increased visitation if he can show that such visitation will be in Christina's best interest.

■ Donald's final contention is that the trial court abused its discretion when it authorized the Department of Children and Family Services to modify his supervised monthly visitation. We agree.

"Courts have no power to delegate any of their duties unless clearly authorized by law." (*Smallwood v. Soutter* (1955), 5 Ill. App. 2d 303, 309, 125 N.E.2d 679, 683; see also *People v. Love* (1980), 83 Ill. App. 3d 948, 404 N.E.2d 1085.) The legislature has vested the responsibility of establishing visitation schedules and determining whether already established visitation schedules should be modified in the trial courts of Illinois. Ill. Rev. Stat. 1989, ch. 40, par. 607.

The trial court's order provided in part:

"8. That the father should have some visitation with the child and that this visitation should be left to the discretion of the Department of Children and Family Services but is to at least extend to four hours per month.

9. That the Court recommends to the Department of Children and Family Services but does not order the Department that father/daughter counseling be considered upon a proper state of readiness both of the father and the child.

10. That the Court envisions in time a movement away from the father's supervised visitation by the Department of Children and Family Services to supervised visitation by a family member and eventually unsupervised visitation."

■ We conclude that the trial court's order could be construed as a delegation of the court's duties to the Department. Conceivably under this order the Department could award Donald daily visitation

rights. On remand we direct the trial court to clarify its order to determine the extent of Donald's visitation rights and whether or not father/daughter counseling is appropriate.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed in part, reversed in part, and this cause is remanded for proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part; and remanded.

RARICK, P.J., and WELCH, J., concur.