**STATE of Minnesota, Respondent,**

v.

**Manyani Dijon HENDERSON, Petitioner, Appellant.**

No. C7–94–538.

Supreme Court of Minnesota.

Feb. 17, 1995.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Tom Foley, Ramsey County Atty., Darrell C. Hill, Asst. Ramsey County Atty., St. Paul, for respondent.

OPINION

STRINGER, Justice.

This case raises the question whether Minn.Stat. § 609.135 (1994) precludes the Ramsey County Community Corrections Department (Corrections Department) from assigning probationers to the Special Supervision Program when the program was not an explicit term and condition of probation imposed at sentencing. We hold that the Special Supervision Program is an intermediate sanction within the meaning of Minn.Stat. § 609.135 (1994), and the district court is precluded from delegating its authority to impose the program to the Corrections Department.

On June 8, 1993, appellant was charged with one count of second degree assault in violation of Minn.Stat. § 609.222 (1994) in connection with a shooting incident that occurred on April 22, 1993. Fortunately no one was injured, but the shooting took place across the street from an elementary school playground where a number of children were playing during recess. A rental car sustained $513.91 in damages.

Appellant pled guilty pursuant to a plea negotiation on August 16, 1993. On September 29, 1993, the district court sentenced appellant to 36 months incarceration, the presumptive sentence. However, the court granted appellant a dispositional departure

and stayed execution of the sentence for seven years on the following conditions: (1) appellant serve one year in the Ramsey County workhouse; (2) pay restitution for the damage to the rental car; (3) complete a Rule 25 assessment and any recommended treatment and aftercare; and (4) refrain from entering the neighborhood where the offense occurred.

In January 1994, while appellant was serving his workhouse sentence, the Corrections Department informed appellant that upon his release he would be placed in the Special Supervision Program. The Special Supervision Program is a nine month probation program consisting of three phases. Phase I of the program is two months in length. It requires three face-to-face contacts with a probation officer per week, and at least two random urinalyses per month. Phase II is three months in length. It requires two face-to-face contacts with a probation officer per week. Phase III is four months long and requires one face-to-face contact per week. Random urinalyses are conducted throughout the second and third phases of the program.

The program has several restrictive features. Throughout the program, the probationer must engage in 32 hours of approved constructive activity per week. The probationer must adhere to a 10:30 p.m. curfew unless the probation officer grants permission to extend the curfew and at least the first two phases of the program require 24–hour accountability, prohibiting probationers from engaging in activities outside of their home unless preapproved by their probation officer. Probationers must obtain explicit permission from their probation officer to leave their residence.

The Special Supervision Program was developed in response to the Corrections Department and the Court Services Committee's mutual determination that the Corrections Department needed a higher level of probation supervision. In February 1994, the Ramsey County bench approved the Special Supervision Program as a new level of probation supervision.

Upon learning he was assigned to the Special Supervision Program, appellant sought a hearing pursuant to Minn.R.Crim.P. 27.03, subd. 4(E)(4) to clarify the terms of his sentence. Appellant asserted that the Corrections Department lacks authority to impose more onerous conditions of probation than the trial judge imposed at sentencing.

The district court found that the Special Supervision Program is a level of probation supervision, not an intermediate sanction, and thus the Corrections Department had authority to enroll probationers in the program. The court of appeals affirmed in an unpublished order-opinion. We granted appellant's petition for review to address the question whether the statute governing probation, Minn.Stat. § 609.135 (1994), precludes the Ramsey County Community Corrections Department from imposing the Special Supervision Program when it was not an explicit condition of probation imposed at sentencing. We reverse.

Minnesota Statute § 241.01 (1994) establishes the Corrections Department and identifies the powers and duties of the commissioner of corrections. *State ex rel. McMaster v. Young,* 476 N.W.2d 670, 672 (Minn. App.), *pet. for rev. denied,* (Minn., Dec. 13, 1991). The commissioner of corrections supervises probationers pursuant to Minn.Stat. § 243.05, subd. 6, and Minn.Stat. § 609.135.[1] Minnesota Statute § 609.135 governs stays of imposition or execution of sentences. With respect to probation, Minn.Stat. § 609.135 provides in pertinent part as follows:

Subdivision 1. Terms and conditions. Except when a sentence of life imprisonment is required by law, or when a mandatory minimum sentence is required by section 609.11, any court may stay imposition or execution of sentence and (a) may order intermediate sanctions without placing the defendant on probation, or (b) may place the defendant on probation with or without

---

1. The Ramsey County Community Corrections Department is established pursuant to Minn.Stat. § 383A.404 (1994). The Ramsey County Corrections Department is responsible for supervising "persons placed on probation by any of the judges of any of the courts of Ramsey county," keeping accurate records of this supervision, and making reports thereon. Minn.Stat. § 383A.404, subd. 5(1).

supervision and *on the terms the court prescribes, including intermediate sanctions when practicable.* The court may order the supervision to be under the probation officer of the court, or, if there is none and the conviction is for a felony or gross misdemeanor, by the commissioner of corrections, or in any case by some other suitable and consenting person. * * * For purposes of this subdivision, * * * *the term "intermediate sanctions" includes but is not limited to incarceration in a local jail or workhouse, home detention, electronic monitoring, intensive probation, sentencing to service, reporting to a day reporting center, chemical dependency or mental health treatment or counseling, restitution, fines, day-fines, community work service, and work in lieu of or to work off fines.*

> \*    \*    \*    \*    \*    \*

Minn.Stat. § 609.135 (1994) (emphasis added).[2]

Thus, Minn.Stat. § 609.135 authorizes the court to impose intermediate sanctions when practicable. The question then, is whether the Special Supervision Program, although characterized by the Corrections Department as a level of probation supervision, is in fact an intermediate sanction within the purview of the district court. If it is, the imposition of the sanction is beyond the authority of the Corrections Department.

The Special Supervision Program includes a curfew, a 24–hour accountability feature requiring probationers to obtain approval before they may engage in any activity outside their residence, and requires approved constructive activity such as employment, community service or drug treatment. These elements are strongly suggestive of the "intermediate sanctions" set forth in Minn.Stat. § 609.135 that explicitly include, but are not limited to, home detention, intensive probation, sentencing to service, and community work service, among others. Indeed, at the hearing on this matter the representative from the Ramsey County Community Corrections Department agreed that it would be fair to characterize the Special Supervision Program as intensive probation.

Given the similarity between the restrictive elements of the Special Supervision Program and many of the characteristics of intermediate sanctions set forth in Minn.Stat. § 609.135, we hold that the Special Supervision Program at issue is an intermediate sanction within the meaning of Minn.Stat. § 609.135. It is therefore beyond the authority of the Corrections Department to impose.

We recognize that some flexibility in the administrative implementation of probation conditions is desirable and that trial judges should not be burdened with administrative issues relating to the implementation of conditions of probation. *See People v. Williams,* 96 Ill.App.3d 588, 52 Ill.Dec. 176, 178, 421 N.E.2d 1039, 1041 (1981); *see also State v. Coleman,* 160 Vt. 638, 632 A.2d 21 (1993) Consistent with this concern, the Ramsey County bench properly delegates to the Ramsey County Corrections Department the authority to determine appropriate levels of probation supervision.

The imposition of sentences, however, is a different matter. Determining conditions of probation is exclusively a judicial function that cannot be delegated to executive agencies. *See State v. Lambert,* 392 N.W.2d 242 (Minn.1986); *State v. Randolph,* 316 N.W.2d 508, 509 (Minn.1982); Standards for Criminal Justice 2d ed. § 18–2.3(c)(ii) (ABA 1980); *c.f. Lydon v. City of North St. Paul,* 355 N.W.2d 205, 206 (Minn.App.1984).

Although this holding is based on Minnesota law, the policy considerations articulated by the Vermont Supreme Court in *State v. Moses,* 159 Vt. 294, 618 A.2d 478 (1992) are appropriate here. In *Moses,* the court stated:

> we are disinclined to uphold an overbroad delegation to the probation officer simply because defendant can seek court intervention if she finds the officer's requirements oppressive. Under this rationale, the court could leave all conditions to the probation officer. It puts the court in

---

2. *See also* Minn.R.Crim.P. 27.03, subd. 4(A) (providing that "[w]hen sentence is imposed the court * * * [s]hall state the precise terms of the sentence.").

830

the position of refereeing disputes between the probationer and the officer with no guiding standards to ensure that its decisions are not arbitrary. Such an approach depends for fairness on the probationer's coming forward to challenge decisions of a person who has a great deal of power over her life. *To avoid these consequences, the Legislature placed the power to impose probation conditions on the court, and not on the corrections department and its employees. We should not ignore that legislative direction.*

*Id.* at 482 (emphasis added).

We need not reach appellant's due process argument because we hold that the Special Supervision Program is an intermediate sanction within the meaning of Minn.Stat. § 609.135, and thus the authority to impose the program rests exclusively with the court. We reverse and remand to the district court for a hearing pursuant to Minn.R.Crim.P. 27.03 as to the conditions of probation for the remainder of appellant's sentence.

Reversed and remanded.

ANDERSON, J., took no part in the consideration or decision of this case.