**Gary Allen KACHINA, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A07–1400.

Court of Appeals of Minnesota.

Feb. 12, 2008.

Gary Allen Kachina, Columbia Heights, MN, pro se appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Michael K. Walz, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; LANSING, Judge; and ROSS, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellant Gary Allen Kachina has filed a petition for a writ of prohibition challenging the district court's denial of his motion to correct his sentence. By order filed August 14, 2007, this court construed the petition as a notice of appeal because the district court's order denying the motion is an appealable order. Because we conclude that the action of the department of corrections (DOC) in assigning appellant to intensive supervised release upon his supervised release is not an improper modification of his sentence, we affirm.

## FACTS

Appellant was sentenced in October 2004 to 53 months in prison for first-degree burglary. The DOC developed a release plan for appellant under which he would be placed in a halfway house and assigned to intensive supervised release upon his supervised release. Appellant filed a motion to correct his "sentence" by removing the requirement that he comply with intensive supervised release. The district court, construing the motion as a postconviction petition, denied relief, concluding that the DOC had authority to impose the special conditions of intensive supervised release and that those conditions did not alter the sentence imposed by the sentencing court.

Appellant filed a petition for a writ of prohibition with this court, which we have construed as a notice of appeal from an appealable postconviction order. *See State v. Pflepsen,* 590 N.W.2d 759, 764 (Minn. 1999).

## ISSUE

Did the DOC exceed its authority, or infringe on the sentencing authority of the court, by directing that appellant be assigned to intensive supervised release upon his supervised release from prison?

## ANALYSIS

Appellant argues that the DOC's decision to place him on intensive supervised release and impose special conditions of release when he is eligible for supervised release was an unauthorized modification of his sentence. *See State v. Henderson,* 527 N.W.2d 827, 829 (Minn.1995) (holding that placement of probationer in special supervision program as condition of his probation was "intermediate sanction" that county corrections department did not have authority to impose).

This court reviews a postconviction order to determine whether it is supported by sufficient evidence in the record. *See Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). The postconviction court's decision will not be reversed absent an abuse of discretion. *See id.* But appellant presents a legal issue, which is subject to de novo review. *See Butala v. State,* 664 N.W.2d 333, 338 (Minn.2003).

Intensive supervised release is an intensive supervision program that the DOC is authorized to impose for "all or part of" the supervised release period. Minn.Stat.

§ 244.05, subd. 6 (2006). Although the sentence imposed by the district court determines the maximum length of the supervised release period, the court does not set the terms or conditions on which the offender is released. *See generally* Minn. Stat. § 244.05, subd. 1 (2006) (defining length of supervised release term). The DOC, not the court, revokes supervised release if the offender violates any of the conditions of supervised release. Minn. Stat. § 244.05, subd. 3(2) (2006).

■ The division of authority that appellant advocates between the court and correctional authorities exists when sentences are stayed. The statute governing stayed sentences provides that the district court may order "intermediate sanctions." Minn.Stat. § 609.135, subd. 1(a), (b) (2006). The district court has the authority to determine whether probation should be revoked. Minn.Stat. § 609.14, subd. 1(a) (2006). The statute governing supervised release, however, provides that it is the commissioner of corrections that decides whether an inmate's supervised release is to be revoked. Minn.Stat. § 244.05, subd. 3(2). The supreme court has held that the DOC's authority over supervised release does not interfere with the functions of the judiciary. *State v. Schwartz,* 628 N.W.2d 134, 140–41 (Minn.2001). Thus, appellant's argument that the district court alone has the authority to establish conditions of supervised release is without merit.

■ Only the district court can impose the conditions of probation. *See Henderson,* 527 N.W.2d at 829. The district court may not delegate that authority, even to the DOC or to other corrections authority. *Id.* But, although the conditions of supervised release, including intensive supervised release, may *resemble* conditions of probation, the status of the offender is significantly different. The legislature has explicitly granted authority over supervised release to the DOC. *See* Minn.Stat. § 244.05, subd. 3(2) (providing that commissioner of corrections determines whether supervised release should be revoked). The statute specifically authorizes the commissioner of corrections to determine who is placed on intensive supervised release. Minn.Stat. § 244.05, subd. 6. We therefore conclude that the DOC did not exceed its authority in requiring appellant to begin his supervised release term on intensive supervised release.

### DECISION

The district court did not err in refusing to remove the intensive supervised release requirement imposed by the DOC and in denying appellant's postconviction petition.

**Affirmed.**