STATE of Minnesota, Respondent,

v.

**Elizabeth Suzanne BRADLEY, Appellant.**

No. A07–1847.

Court of Appeals of Minnesota.

Sept. 30, 2008.

Lori Swanson, Attorney General, St. Paul, MN; and Hugh Nierengarten, City Attorney, New Ulm, MN, for respondent.

Samuel A. McCloud, Carson J. Heefner, McCloud & Heefner, Shakopee, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; SCHELLHAS, Judge; and HUSPENI, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

SCHELLHAS, Judge.

Appellant challenges a district court decision that she violated probation by refusing to attend inpatient treatment as recommended by a court-ordered chemical-health assessment. Appellant argues that (1) the district court improperly delegated its sentencing authority when it ordered her to follow recommendations that were unknown at the time of sentencing and (2) her refusal to follow the recommendations for inpatient treatment could not support a probation violation. We conclude that the district court did not improperly delegate its authority, and therefore we affirm.

## FACTS

Appellant Elizabeth Suzanne Bradley was charged with two misdemeanor counts of fourth-degree driving while under the influence of alcohol (DWI) in violation of Minn.Stat. § 169A.20, subd. 1(1), (5) (2006), and Minn.Stat. § 169A.27 (2006) and the petty misdemeanor of possession of drug paraphernalia in violation of Minn. Stat. § 152.092 (2006).

On September 26, 2006, appellant pleaded guilty to one count of fourth-degree DWI and to possessing drug paraphernalia. The district court sentenced appellant on the fourth-degree DWI to 90 days' incarceration and a $1,000 fine, with the 90 days' incarceration stayed and $600 of the fine stayed for two years, and placed appellant on probation for two years with conditions, including that she submit to a chemical-dependency evaluation and follow the recommendations and sign and abide by a standard probation agreement. On September 27, 2006, appellant signed a probation agreement that included additional conditions that she submit to random drug screens if requested by probation or law enforcement. The probation agreement also restated the court-ordered condition that appellant complete a chemical-health assessment and follow the recommendations.

Appellant underwent a chemical-health assessment with a chemical-dependency specialist and on November 14, 2006, the specialist recommended, among other things, that appellant "[e]nter and complete a primary inpatient treatment program and follow all recommendations of the treatment staff." Also, on November 14, appellant was apprehended on an alleged probation violation for using mood-altering chemicals in violation of the no-use restriction of the chemical-assessment recommendation. The probation officer also alleged that appellant failed to submit to chemical testing. On November 29, appellant attended a probation-violation hearing. Following the hearing, the district court found that appellant violated one probation condition—failure to submit to a drug test as required in the probation agreement. The district court did not find that appellant violated the no-use restriction of the chemical-assessment recommendation because appellant did not have written notice of the no-use restriction until November 14, 2006. The district court reinstated probation under the same terms and conditions as previously ordered and imposed an intermediate sanction of 30 days' incarceration.

On December 7, 2006, appellant was notified of her right to request a second chemical-health assessment. She requested a second assessment and was referred to a county social worker, who was a licensed alcohol and drug counselor. After meeting with appellant, the social worker opined that appellant was not honest about her chemical use and that the assessment therefore lacked validity. The social worker concluded that appellant should follow the recommendations of the prior assess-

ment. Thereafter, appellant told her probation agent that she was not willing to attend inpatient chemical-dependency treatment. In March 2007, appellant's probation agent filed a violation report, alleging that appellant had failed to follow the recommendations of the chemical-use assessment.

At a probation-violation hearing in May 2007, appellant argued that "in order for this to be a condition of her probation, it has to be ordered specifically by the judge," and that neither assessment was valid because both relied on allegations of a "jilted lover" to conclude that appellant had not been honest and "there should have been some investigation of his allegations." The district court rejected appellant's arguments and found that appellant "intentionally and without excuse violated the term of her probation that she follow recommendations of the chemical use assessment, namely [appellant] did not enter and complete inpatient chemical dependency treatment." At a hearing in September 2007, for determination of the proper disposition or sanction for the probation violation, the district court reinstated appellant on probation, ordered her to complete an updated chemical-health assessment within 30 days and to "follow any and all recommendations of the assessment." As an intermediate sanction for the probation violation, the district court ordered appellant to serve 15 days in jail. This appeal follows.[1]

## ISSUE

■ Did the district court abuse its discretion by improperly delegating its sentencing authority when it ordered appellant to undergo a chemical-health assessment and follow recommendations that were unknown to the court at the time of sentencing?

## ANALYSIS

■ A sentence imposed or stayed is reviewed for an abuse of discretion. *State v. Franklin,* 604 N.W.2d 79, 82 (Minn. 2000).

Appellant challenges the enforceability of both probation conditions that the district court found she violated, the random-testing condition and the chemical-health-recommendations condition. The random-testing condition is not properly part of this appeal. The district court found a violation of the random-testing condition in an order issued December 4, 2006, from which no appeal was taken. The random-testing condition was not at issue in the probation-violation proceeding which resulted in the September 2007 order from which this appeal is taken. Because we generally will not decide issues that were not raised before the district court, *Roby v. State,* 547 N.W.2d 354, 357 (Minn.1996), we will review only appellant's challenge to the chemical-health-recommendations condition.

■ "Determining conditions of probation is exclusively a judicial function that cannot be delegated to executive agencies." *State v. Henderson,* 527 N.W.2d 827, 829 (Minn.1995). In *Henderson,* the supreme court held that allowing the Ramsey County Corrections Department to place probationers into a special supervision program was an improper delegation because the

---

1. Appellant raised two issues in her brief: (1) that the district court abused its discretion by imposing jail time without properly addressing and applying the *Austin* factors, which are applied when probation is revoked and (2) that the probation violations found by the district court were based on an invalid delegation of the court's sentencing authority. Appellant withdrew her first issue at oral argument. Accordingly, we address only the remaining issue. Respondent did not file a brief or present oral argument.

program resembled intermediate sanctions. *Id.* But under *Henderson,* administrative implementation of probation conditions is appropriately delegated to an administrative body. *Id.* The *Henderson* court concluded that it is appropriate to delegate as administrative implementation the authority to determine appropriate levels of probation supervision. *Id.* The supreme court noted that "some flexibility in the administrative implementation of probation conditions is desirable and . . . trial judges should not be burdened with administrative issues relating to the implementation of conditions of probation." *Id.*

■ Appellant argues that contrary to *Henderson,* the district court improperly delegated to an assessor the authority to impose the intermediate sanction of chemical-dependency treatment. We agree that chemical-dependency treatment is an intermediate sanction, Minn.Stat. § 609.135, subd. 1(b) (2006), but we do not agree that the chemical-health-recommendations condition in this case amounted to an improper delegation.

■ When the district court ordered appellant to undergo a chemical-health assessment and follow all recommendations of the assessment once treatment was recommended, appellant's participation in that treatment was mandated by the court's order. The district court simply delegated to the chemical-health assessor the expert determination as to whether appellant needs treatment and, if so, the type or level of appropriate treatment. But the district court, not the chemical-health assessor, imposed the condition that appellant undergo the chemical-health assessment and attend treatment, if recommended. We conclude that allowing a chemical-health assessor to determine a probationer's need for treatment and the type or level of treatment needed, if any, delegates only administrative implementa-tion of a condition imposed by the court. This is akin to delegating the decision of what level of probation supervision is appropriate, which is permitted under *Henderson.* Therefore, the district court did not improperly delegate its sentencing authority when it ordered appellant to complete a chemical-health assessment and follow all recommendations.

## DECISION

■ By ordering, as a condition of probation, that appellant obtain a chemical-health assessment and follow its recommendations, the district court properly delegated, as administrative implementation, the authority to determine whether chemical-health treatment was needed by appellant and, if so, the type or level of treatment needed.

**Affirmed.**