*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1350**

State of Minnesota,
Respondent,

vs.

Marc Darius Venton,
Appellant.

**Filed March 9, 2015
Reversed
Connolly, Judge**

Ramsey County District Court
File No. 62-CR-09-6924

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

In this probation-revocation appeal, appellant argues that the district court erred by revoking his probation for failing to complete chemical-dependency treatment where treatment was never imposed as a condition of probation and where the need for confinement does not outweigh the policies favoring probation. We reverse.

**FACTS**

On April 10, 2009, appellant Marc Darius Venton was charged with second-degree assault with a dangerous weapon in violation of Minn. Stat. § 609.222, subd. 1 (2008), after stabbing a man in the neck. Appellant pleaded guilty to the charged offense and was sentenced to 57 months in prison, stayed for seven years, which was later amended to 51 months in prison, stayed for seven years. At appellant's sentencing hearing, the district court (the sentencing court) orally imposed the following conditions of probation: (1) serve six months in county jail, (2) "cooperate with all the usual requirements of [p]robation [and] make sure your Probation Officer knows where you are and you know what's expected of you," (3) pay fine and fees in the amount of $181, (4) pay restitution to the victim, and (5) abide by a no-contact order. Appellant's Criminal Judgment/Warrant of Commitment form (warrant of commitment form) states that appellant must serve six months in county jail, pay the above-listed fines and restitution, and follow the "usual terms and conditions of probation."

On December 10, 2010, appellant appeared for his first of three probation-violation hearings. The state alleged that appellant violated his probation by being

convicted of misdemeanor theft, which appellant admitted. The district court continued appellant's probation under the same terms and conditions that had previously been imposed by the sentencing court.

On November 21, 2011, appellant appeared for his second probation-violation hearing. Appellant admitted that he violated the terms and conditions of his probation by obtaining another conviction of misdemeanor theft and by failing to complete chemical-dependency aftercare treatment. The district court found that appellant violated his probation by failing to remain law abiding and by failing to complete aftercare and ordered him to serve 90 days in jail, after which he was to continue probation under the same terms and conditions that the sentencing court originally imposed.

On May 8, 2014, appellant appeared for his third probation-violation hearing. He was accused of violating the conditions of his probation by (1) failing to complete chemical-dependency treatment, (2) refusing to resume chemical-dependency treatment, (3) failing to abstain from mood-altering substances, and (4) failing to report for a urinalysis.[1] Appellant admitted that he failed to complete chemical-dependency treatment but would not admit that completing treatment was a condition of his probation. The district court found that appellant violated a condition of his probation for failing to complete chemical-dependency treatment after the following exchange:

> THE COURT: But, you didn't think that was a requirement
> of your stay of execution of a prison sentence?
> APPELLANT: No, ma'am.

---

[1] Appellant's probation officer withdrew the allegation that appellant failed to report for urinalysis, and the district court dismissed the allegation that appellant refused to resume chemical-dependency treatment.

> THE COURT: Well, I acknowledge that your sentencing took place a long time ago. . . . But, the conditions of probation included first of all that you had a dispositional departure. That you were to follow all instructions of probation, . . . and it's the court's understanding that you were to complete chemical dependency treatment. . . . Are you denying that you were directed to chemical dependency treatment?
>
> APPELLANT: Yeah, I mean, all she asked me was what was I going to do.
>
> . . .
>
> THE COURT: So, you're at least acknowledging that you had entered into it twice and not completed it, right?
>
> APPELLANT: Yes, ma'am.
>
> THE COURT: So, if it's my expectation that your completion of treatment would have been a condition of the stay of execution of your sentence, I accept that as an admission.

Subsequently, the district court revoked appellant's probation, executed his 51-month sentence and stated:

> I think the record that was made today shows the violations and your failure to follow through with treatment and your failure to fully cooperate with probation. You have admitted that you failed to complete chemical dependency treatment at least twice with your admission today. And that you failed to abstain from mood altering substances.
>
> . . .
>
> I think that we have identified the specific conditions that you violated, specifically not entering and completing treatment and being successful in completing programing. I think your violations were intentional and not excusable. I think the need for confinement outweighs the policies favoring probation. I think you basically have been trying to figure out ways to avoid following the rules of probation. . . . I think your need for correctional treatment can most effectively be provided if you are confined. And I think it would unduly depreciate the seriousness of the violations if probation were not revoked.

This appeal follows.

4

**D E C I S I O N**

Appellant argues that "the district court abused its discretion by revoking his probation for a condition that had not been ordered, and that the need for confinement does not outweigh the policies favoring probation." We agree.

A district court "has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980). At a probation-revocation hearing, the district court has the duty to develop the record, and the state has the burden of proving the probation violation by clear-and-convincing evidence. *State v. Ornelas*, 675 N.W.2d 74, 81 n.6 (Minn. 2004); Minn. R. Crim. P. 27.04, subd. 3. Before revoking probation, the district court must: "(1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation." *Austin*, 295 N.W.2d at 250.

**A.     The district court erred by revoking appellant's probation for a violation of a condition that had not been imposed.**

Appellant first argues that "[t]he district court erred and violated [a]ppellant's due process rights when it revoked [a]ppellant's probation for [a] violation of a condition that the court had not imposed." We agree.

The state concedes that the successful completion of chemical-dependency treatment was not specifically ordered by the sentencing court, but argues that appellant failed to raise this issue at his probation-violation hearing, and therefore, waived the issue

5

on appeal. We disagree. In *Ornelas*, the Minnesota Supreme Court discussed a similar issue. The supreme court decided that although the appellant did not argue in district court or on appeal that a certain condition of probation was not imposed, "the first *Austin* factor requires us to consider the specific condition designated to have been violated." 675 N.W.2d at 79. "Inherent in our consideration of the specific condition designated as having been violated is the question of whether the condition was actually imposed as a condition of probation." *Id.* "[T]o properly consider the *Austin* factors, the interests of justice require that we determine whether the [probation] condition was actually imposed," even if appellant did not raise the issue below. *Id.*

"The imposition of sentences, including determining conditions of probation is exclusively a judicial function that cannot be delegated to executive agencies." *Id.* at 80 (quotation omitted). When sentencing a defendant, a court shall "[s]tate precisely the terms of the sentence." Minn. R. Crim. P. 27.03, subd. 4(A). "If lawful conduct could violate the defendant's terms of probation, the [district] court must tell the defendant what that conduct is." *Id.*, subd. 4(E)(3). The district court may not revoke an offender's probation for violating a condition of probation unless the violated condition was actually imposed by the district court. *Ornelas*, 675 N.W.2d at 79-80.

We discussed a similar but distinguishable issue in *State v. Bradley*, 756 N.W.2d 129 (Minn. App. 2008). In *Bradley*, the appellant challenged the district court's decision that she violated probation by refusing to attend inpatient treatment as recommended by a court-ordered health assessment. *Id.* at 131. At sentencing, the district court sentenced the appellant and placed her on probation for two years with conditions, including that

6

she submit to a chemical-dependency evaluation and follow the recommendations and sign and abide by a standard probation agreement. *Id.* The appellant signed the probation agreement, which included the specific condition that she submit to random drug screens if requested by law enforcement. *Id.*

On appeal, the appellant argued that the district court improperly delegated its sentencing authority when it ordered appellant to undergo a chemical-health assessment and follow recommendations that were unknown to the court at the time of sentencing. *Id.* We concluded:

> When the district court ordered appellant to undergo a chemical-health assessment and follow all recommendations of the assessment once treatment was recommended, appellant's participation in that treatment was mandated by the court's order. The district court simply delegated to the chemical-health assessor the expert determination as to whether appellant needs treatment and, if so, the type or level of appropriate treatment. But the district court, not the chemical-health assessor, imposed the condition that appellant undergo the chemical-health assessment and attend treatment, if recommended.

*Id.* at 133. But, unlike the situation in *Bradley*, in this case, the district court did not order appellant to undergo a chemical-dependency assessment and follow the recommendations of the assessor or complete chemical-dependency treatment as a condition of probation. At appellant's sentencing hearing, the sentencing court orally ordered appellant to "cooperate with all the usual requirements of [p]robation [and] make sure your Probation Officer knows where you are and you know what's expected of you." Similarly, appellant's warrant of commitment form stated that appellant must follow the "[u]sual terms and conditions of probation." Although the sentencing court could have

checked a box on the warrant of commitment form stating that appellant must complete chemical-dependency treatment, this box was not marked, indicating that this was not a condition of appellant's probation. Additionally, at his 2010 and 2011 probation-violation hearings, the district court continued appellant's probation without adding any new terms or conditions of probation. Therefore, we conclude that the sentencing court did not order appellant to complete chemical-dependency treatment as a condition of his probation.

The state argues that even if the sentencing court did not specifically order appellant to complete chemical-dependency treatment, appellant believed that this was a condition of his probation. We disagree. At his third probation-violation hearing, appellant stated that completing treatment was not a condition of his probation. Even if he had conceded this fact, "[t]he fact that a probationer is aware of or believes something to be a condition of probation does not necessarily make it so." *Ornelas*, 675 N.W.2d at 80. Consequently, we conclude that the district court abused its discretion by revoking appellant's probation based on a probation condition that was never imposed by the sentencing court.

## B.      Other grounds for revocation.

Appellant argues that "[t]he district court abused its discretion by revoking [his] probation where his only valid violation was his use of intoxicants." We agree.

As stated above, under the first *Austin* factor, the district court must designate the specific condition or conditions of probation that were violated. *Austin*, 295 N.W.2d at 250. At appellant's probation-violation hearing, the state alleged that appellant violated

8

his probation by failing to abstain from mood-altering substances. Appellant admitted that he used marijuana mixed with crack cocaine on March 25, 2014, and April 1, 2014. The district court found that appellant failed to meet the conditions of his probation by failing to abstain from mood-altering chemicals. But the sentencing court did not order appellant to abstain from mood-altering substances in its original sentencing order. In fact, although appellant's warrant of commitment form contains a space for the sentencing court to order such a condition, it was not marked in this case. And at appellant's sentencing hearing, the sentencing court ordered appellant to "cooperate with all the usual requirements of probation" without ordering any specific conditions of probation. Because "[t]he imposition of sentences, including determining conditions of probation is exclusively a judicial function that cannot be delegated to executive agencies," *Ornelas*, 675 N.W.2d at 80 (quotation omitted), we conclude that the sentencing court delegated too much authority to appellant's probation officer to impose appellant's terms and conditions of probation.

The state argues that appellant violated the conditions of his probation by using mood-altering substances because this act constitutes a failure to remain law abiding. We disagree. When the district court sentenced appellant, it did not orally order appellant to remain law abiding and did not check a box on the warrant of commitment form stating that appellant must remain law abiding, indicating that this condition was not imposed. Therefore, we conclude that the district court abused its discretion by revoking appellant's probation based on a probation condition that was never imposed by the sentencing court. Additionally, appellant was not charged with or convicted of any crime

9

for this act. Appellant was convicted of disorderly conduct in 2013, which would constitute a failure to remain law abiding, but the state did not allege that appellant violated the terms and conditions of his probation based on this conviction, and the district court did not designate this as a specific condition that appellant violated. We conclude that the district court abused its discretion by revoking appellant's probation based on the allegations that he used mood-altering substances. Consequently, we reverse the district court's order revoking appellant's probation because none of the alleged conditions of probation were actually imposed by the sentencing court.

**Reversed.**