*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0606**

State of Minnesota,
Respondent,

vs.

Daniel Roy Luckhardt,
Appellant.

**Filed January 16, 2024**
**Affirmed**
**Kirk, Judge***

Lyon County District Court
File No. 42-CR-19-1432

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Abby Wikelius, Lyon County Attorney, Julianna F. Passe, Assistant County Attorney, Marshall, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

     Considered and decided by Schmidt, Presiding Judge; Segal, Chief Judge; and Kirk, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KIRK**, Judge

The district court did not abuse its discretion by vacating Luckhardt's stay of adjudication and sentencing him to the presumptive prison sentence and as such, we affirm.

## FACTS

As part of a plea agreement, appellant Daniel Luckhardt received a stay of adjudication on a presumptive prison sentence for violating a harassment restraining order on December 30, 2019, as part of a plea agreement. Luckhardt was later charged with a probation violation, and his probation was reinstated with additional conditions on January 26, 2022. The district court told Luckhardt that as condition of his reinstated probation he was to complete a chemical-use assessment and follow the recommendations. Luckhardt completed the assessment and the recommendations included abstaining from the use of mood-altering substances and submitting to random drug testing. Luckhardt tested positive for methamphetamine in October and November 2022 and failed to maintain contact with his probation officer throughout late 2022. At a contested probation-revocation hearing in January 2023, Luckhardt conceded he was required to follow the recommendations but argued he was not informed they were a condition of his probation. The district court revoked his probation. Luckhardt appeals.

## DECISION

We review a district court's decision to revoke probation for an abuse of discretion. *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980). Luckhardt sets out five arguments

as to why his probation should not have been revoked. None persuade this court that the district court abused its discretion, and we address each in turn below.

First, the district court set Luckhardt's probation conditions and properly ordered Luckhardt to comply with the chemical-use assessment recommendations as a condition of his probation. *See State v. Bradley*, 756 N.W.2d 129, 132 (Minn. App. 2008) (holding that district courts may permit chemical-health assessors to determine whether treatment is necessary, and the type of treatment required). Second, the probation violation report specifically detailed which recommendations Luckhardt allegedly violated; therefore, Luckhardt had adequate notice of his alleged probation violations. Third, the district court found Luckhardt's excuses for not contacting his probation officer to be "not credible." We defer to the district court on witness credibility determinations. *See Griffin v. State*, 941 N.W.2d 404, 408-09 (Minn. 2020). The district court did not abuse its discretion in finding that Luckhardt had violated his probation, as shown by clear and convincing evidence in the record that he failed to maintain contact with his probation officer and had tested positive for methamphetamine. Fourth, the district court did not abuse its discretion by revoking Luckhardt's probation because it appropriately considered the third *Modtland* subfactor when it found that allowing Luckhardt to continue on probation when he had a similar, prior probation violation would unduly depreciate the seriousness of the offense which contemplated a presumptive prison sentence, even without the prior violation. *See State v. Modtland*, 695 N.W.2d 602, 607 (Minn. 2005); *see also Austin*, 295 N.W.2d at 249-50.

Finally, the district court did not abuse its discretion by denying Luckhardt's motion for a downward departure as it sentenced Luckhardt to the presumptive sentence for his offense. *See State v. Williams*, 337 N.W.2d 387, 390-91 (Minn. 1983) (holding that reviewing courts will generally not disturb a district court's exercise of discretion when the imposed sentence is within the presumptive range).

**Affirmed.**