NOTICE

Decision filed 09/22/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230360-U

NO. 5-23-0360

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* C.F., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | St. Clair County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21-JA-25 |
| | ) | |
| Dacquiri R., | ) | |
| | ) | |
| Respondent | ) | Honorable |
| | ) | Elaine L. LeChien, |
| (Patricia T., Intervenor-Appellant)). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reverse that portion of the circuit court's judgment finding that it was in the best interests of the minor to be made a ward of the court and placing custody and guardianship with the Illinois Department of Children and Family Services where the record on appeal fails to demonstrate that the circuit court considered the required statutory best interest factors. We affirm the remainder of the circuit court's judgment not challenged on appeal.

¶ 2    The intervenor, Patricia T., is the maternal grandmother of the minor, C.F., born October 2018. On April 17, 2023, the circuit court of St. Clair County entered a dispositional order finding that the respondent, Dacquiri R.,[1] was unfit and unable, for reasons other than financial

_____

[1]The respondent, Dacquiri R., is the natural mother of C.F. The natural father of C.F. is deceased. The rights of the respondent are not at issue in this appeal. As such, we will only provide information pertaining to the respondent that is necessary and relevant to this appeal.

1

circumstances alone, to care for, protect, train, educate, supervise, or discipline C.F., and that the health, safety, and best interests of C.F. would be jeopardized if C.F. remained in the custody of the respondent. As such, the circuit court found that it was in the best interests of C.F. and the public that C.F. be made a ward of the court. The circuit court also found that it was in C.F.'s best interests to be placed in the custody and guardianship of the guardian administrator of the Illinois Department of Children and Family Services (DCFS).

¶ 3    The intervenor now appeals the judgment of the circuit court alleging that the circuit court erred in failing to consider the best interest factors when making the minor a ward of the court and abused its discretion by selecting an inappropriate dispositional order. For the following reasons, we affirm in part and reverse in part the judgment of the circuit court of St. Clair County.

¶ 4                                          I. BACKGROUND

¶ 5    On February 8, 2021, the State filed a juvenile petition pursuant to the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2022)). The juvenile petition alleged that C.F. was neglected as defined in section 2-3(1)(b) of the Act (*id.* § 2-3(1)(b)), due to being in an injurious environment based on, *inter alia*, the respondent's drug usage. The circuit court entered an Indian Child Welfare Act (25 U.S.C. § 1912(a) (2018)) compliance order the same day. The compliance order stated that C.F. had been taken into temporary protective custody by DCFS on that date, that the matter was reset to March 15, 2021, for a shelter care hearing,[2] and awarded temporary protective custody of C.F. to DCFS over the objection of the respondent. DCFS then placed C.F. into the care of the intervenor.

---

[2]Section 1912 of the Indian Child Welfare Act (25 U.S.C. § 1912 (2018)) provides that in any involuntary proceeding in a state court, where the court knows or has reason to know that an Indian child is involved, no foster care placement proceeding shall be held until at least 10 days after receipt of notice by the parent or Indian custodian and the tribe. In this matter, the respondent had filed an affidavit stating she was not registered but had Cherokee tribal affiliation.

¶ 6    In December 2021, the respondent gave birth to another child, E.G.,[3] whose umbilical cord tested positive for fentanyl, methamphetamines, and methadone. As such, DCFS took protective custody of E.G. upon his release from the hospital on January 4, 2022. E.G. was placed by DCFS with B.K., the respondent's stepsister. C.F. remained in the care of the intervenor until May 9, 2022, when she was removed from the intervenor's care and placed with B.K. pursuant to DCFS's sibling consolidation policy.

¶ 7    On August 2, 2022, the intervenor filed a motion to intervene and petition for placement and custody. The intervenor's motion requested that the intervenor be allowed to intervene in this matter and the petition requested that placement and custody of C.F. be granted to the intervenor. On September 12, 2022, the circuit court entered an order granting the intervenor's motion to intervene. The circuit court then entered an order regarding the intervenor's petition for placement and custody on December 5, 2022. The order stated as follows:

"The Court denies the Petitions for Placement and Custody. Pursuant to 705 ILCS 405/2-23(3), the court is not empowered under this Section to order specific placements, specific services, or specific service providers to be included in the service plan."

¶ 8    The intervenor filed another motion for transfer of temporary placement of C.F. on January 30, 2023. The motion requested the transfer of temporary custody and placement of C.F. from B.K. to a living situation that was in the best interest of C.F. The State did not file a response.

¶ 9    The circuit court conducted a hearing on February 6, 2023. At the beginning of the hearing, the circuit court noted that there was the pending motion to transfer filed by the intervenor and then stated as follows:

_____

[3]The rights and placement concerning E.G. were also at issue in the circuit court's proceedings. According to the intervenor's brief, the intervenor did not appeal the companion case of E.G., because E.G. had been "returned to his biological father." As such, we will only relate information concerning E.G. that is relevant to this appeal.

"All right. Also we are set here, it says disposition but that's not where we are. On my December order, December the 5th we did take up adjudication and the petition for placement and custody. But I did not rule anything on the adjudication part of it. I only reviewed—entered an order based on the petition for placement. So we do still have adjudication to do. Does everybody agree with that?"

¶ 10    Counsel for E.G.'s father stated, "Yes, Your Honor," but there was no response from any other counsel. The circuit court then stated that it would take up the intervenor's motion for transfer of temporary placement, and the intervenor was called to testify. The intervenor testified regarding her concerns with C.F.'s current placement and why she believed that it would be in C.F.'s best interests to be removed from B.K.'s care. The intervenor also testified that she understood that if her motion was granted, it may cause a termination of DCFS's involvement in the case. The intervenor testified that she had the financial resources to offer any services that C.F. may need, including medical, counseling, food, and schooling.

¶ 11    After direct examination, the State asked for clarification of the legal basis of the intervenor's motion since it appeared from the intervenor's testimony that the motion was not a request for a change in placement, but instead, a request for placement with the intervenor under section 2-27 of the Act (705 ILCS 405/2-27 (West 2022)). The State then noted that section 2-27 of the Act applied to dispositional findings, and that "at this point if [section 2-27] is the request that's being made we are premature to have this hearing because there's been no adjudication as the court clarified before."

¶ 12    Counsel for the intervenor stated that the motion was made pursuant to section 2-23 of the Act (*id*. § 2-23), a transfer based on best interests. Counsel further indicated that the intervenor's previous motion had been denied because it had requested a specific placement, so the current motion was not seeking a specific placement, but a transfer based on the best interests of C.F.

4

Counsel also indicated that it was his understanding that, if the circuit court denied the motion that day, the intervenor could again ask for custody pursuant to section 2-27 at the dispositional hearing.

¶ 13 The parties and the circuit court then engaged in a discussion regarding whether an adjudication determination had been made with regard to C.F. It was finally determined that an adjudication order was entered on November 8, 2021, and as such, the circuit court stated, "Okay. So we—we could go forward with disposition and keep the motion open and take it up at the same time." The circuit court then proceeded to conduct a dispositional hearing.

¶ 14 The intervenor was recalled for cross-examination, and the State called Aida Castillo, a caseworker with Children's Home & Aid. No other witnesses were called by the parties. The circuit court then heard closing arguments and stated, "Thank you. All right, I'm going to take this under advisement. I'm going to issue my ruling."

¶ 15 On April 17, 2023, the circuit court issued a written dispositional order. The order stated that the circuit court had "weighed the evidence, considered the testimony, judged credibility of the witnesses and reviewed exhibits." The circuit court found that the respondent was unfit and unable to care for, protect, train, educate, supervise, or discipline the minor and that placement with the respondent was contrary to the health, safety, and best interests of the minor. As such, the circuit court found that it was consistent with the health, safety, and the best interests of the minor to make the minor a ward of the court.

¶ 16 The circuit court's dispositional order also stated that it had found that it was not in the best interests of the minor to grant the intervenor's motion for transfer of temporary placement of the minor. Therefore, the circuit court made C.F. a ward of the court, denied the intervenor's motion to transfer, and placed custody and guardianship of C.F. with DCFS. The intervenor filed a timely notice of appeal on May 15, 2023, and this appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18    The intervenor raises the following five issues on appeal:

        "I. Whether the trial court erred in its dispositional order when it failed to consider

the best interest of the minor child, [C.F.].

        II. Whether the trial court erred in its dispositional order when it continued its

placement of [C.F.] with [B.K.] as it was not in her best interests.

        III. Whether the trial court erred in its dispositional order when it denied

[intervenor's] motion for change of placement of the minor child, [C.F.] when the Court

failed to address the reasons or findings in denying the motion.

        IV. The trial court erred in complying with section 2-21(2) and 2-22 of the Juvenile

Court Act of 1987 when it failed to consider the best interest of [C.F.] after it found her

neglected.

        V. Whether the trial court erred in complying with section 2-27 of the Juvenile

Court Act of 1987 when it failed to consider the best interests of [C.F.] after it found her

neglected."

¶ 19    Before proceeding to our analysis of the above issues, we note that the State argues that

the intervenor has forfeited review of issues I through IV for failing to comply with Illinois

Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). According to the State's argument, the

intervenor has failed to develop her arguments, failed to cite to the record, and failed to support

her arguments with citations to legal authority. As such, the State argues that issues I through IV

should be procedurally defaulted.

¶ 20    Under Illinois Supreme Court Rule 341(h)(7), the appellant brief "shall contain the

contentions of the appellant and the reasons therefor, with citation of the authorities and the pages

of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "A court of review is entitled

6

to have the issues clearly defined with pertinent authority cited and cohesive arguments presented." *In re M.M.*, 2016 IL 119932, ¶ 30. Arguments not properly developed in an appellant's opening brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 21 We agree with the State that Rule 341(h)(7) requires an appellant's brief to cite to the record, not only in the background section, but where relevant within each argument presented. We also agree with the State that the intervenor's arguments regarding issues I through IV are profoundly lacking in citation to precedent, and further note that the intervenor's arguments regarding issues II and III not only lack citation to precedent but fail to cite to any legal authority. Forfeiture, however, is a limitation on the parties and not the court. *In re Marriage of Piegari*, 2016 IL App (2d) 160594, ¶ 10.

¶ 22 In this matter, we find that issue I is dispositive to this appeal and is supported by sufficient legal authority for this court to ascertain and dispose of the issue involved. See *Young v. City of Centreville*, 169 Ill. App. 3d 166, 168 (1988) (appellant's brief sufficient to discern arguments and to pass on the merits such that the sanction of forfeiture not warranted). As such, we decline to impose forfeiture, but admonish counsel that any future lapses in compliance with Rule 341(h)(7) would most likely result in forfeiture since a contention that is supported by some argument but does not cite to the record and/or any legal authority does not satisfy the requirements of the rule.

¶ 23 The dispositive issue on review is whether the circuit court erred in its dispositional finding that C.F. be made a ward of the court when the record fails to demonstrate that the circuit court considered the best interests of C.F. under the statutory best interest factors required by section 1-3(4.05) of the Act. 705 ILCS 405/1-3(4.05) (West 2022). The intervenor argues that the circuit court only made factual findings regarding the respondent being unfit or unable, and failed to address any of the best interest factors of section 1-3(4.05) at the hearing or in its dispositional

order. As such, the intervenor argues that the circuit court failed to determine whether it was consistent with the health, welfare, and safety of the minor, and in the best interest of the minor to be made a ward of the court. The intervenor also argues that the circuit court abused its discretion by selecting an inappropriate dispositional order since the dispositional order is void of any examination or findings concerning the required best interest factors.

¶ 24 Section 2-22(1) of the Act (*id.* § 2-22(1)) provides that, at the dispositional hearing, the circuit court shall determine whether it is in the best interest of the minor and the public that the minor be made a ward of the court, and if the minor is to be made a ward of the court, the circuit court shall determine the proper disposition. In determining the best interests of the minor, section 1-3(4.05) of the Act requires that the circuit court shall consider the following statutory factors in the context of the child's age and developmental needs: (1) the child's physical safety and welfare; (2) the development of the child's identity; (3) the child's background and ties; (4) the child's sense of attachments, including where the child feels love, attachment, and a sense of being valued, the child's sense of security, the child's sense of familiarity, the continuity of affection for the child, and the least disruptive placement alternative for the child; (5) the child's wishes and long-term goals; (6) the child's community ties; (7) the child's need for permanence, which includes a need for stability and continuity of relationships with parent figures, siblings, and other relatives; (8) the uniqueness of every family and child; (9) the risks related to substitute care; and (10) the preferences of the persons available to care for the child. *Id*. § 1-3(4.05). The circuit court is not required to make specific written findings of fact concerning the best interest factors as long as there is some indication in the record that it considered the enumerated factors when making the best interests determination. See generally *In re Madison H*., 215 Ill. 2d 364, 374-75 (2005); *In re A.H*., 195 Ill. 2d 408, 425-26 (2001); *In re Marriage of Stribling*, 219 Ill. App. 3d 105, 107 (1991).

8

Such findings may be made orally in open court or contained in a subsequent written order. See *In re Madison H.*, 215 Ill. 2d at 374-75.

¶ 25    In this matter, the circuit court took the matter under advisement and made no oral findings at the conclusion of the dispositional hearing. The circuit court's written dispositional order stated that it had "weighed the evidence, considered the testimony, judged the credibility of the witnesses and reviewed the exhibits." The order also stated that arguments were made and considered by the circuit court. The circuit court's order listed the reasons and basis for its finding that the respondent was unfit and unable, and stated that it was "consistent with the health, welfare and safety of the minor and in the best interest of the minor to make the minor a Ward of the Court." The circuit court's order went on to state that it was not in the best interest of the minor to grant the intervenor's motion for transfer of temporary placement and placed custody and guardianship of the minor with DCFS.

¶ 26    The circuit court's finding that it was in the best interest of the minor to be made a ward of the court simply mirrors the statutory language with no meaningful specific factual bases for the finding. The order does not contain any discussion or findings regarding the 1-3(4.05) best interest factors in support of that finding. There was also no findings or discussion by the circuit at the dispositional hearing concerning the section 1-3(4.05) best interest factors. Although the State argues that the circuit court was not required to reference each of the best interest factors, and we agree that each factor need not be addressed, the record must still indicate, in some manner, that the circuit court considered the enumerated factors when making the best interests determination. See generally *In re A.H.*, 195 Ill. 2d at 425-26; *In re Marriage of Stribling*, 219 Ill. App. 3d at 107.

¶ 27    Here, there is no discussion or findings concerning any of the statutory factors. The dispositional order and the record of proceedings are completely void of any indication of the basis of the circuit court's best interest finding. At a minimum, there must be some findings or discussion

9

regarding the factors as applied to the evidence presented at the dispositional hearing although, again, the circuit court is not required to make explicit reference to each of the factors. Without any factual findings or discussion, this court cannot know what facts in particular the circuit court relied upon in making its finding. As such, we find that the record on appeal fails to demonstrate that the circuit court considered the required statutory factors of section 1-3(4.05) in making its best interest findings regarding the minor.

¶ 28    The State also argues that this court may affirm the dispositional order on any basis found in the record and that we need not rely on any basis relied upon by the circuit court. First, as stated above, there is no indication within the record on appeal of the basis on which the circuit court relied upon for either its determination regarding the minor's best interests in making the minor a ward of the court or its determination on placement of custody and guardianship for the minor. Second, in cases involving parental rights and child custody, a circuit court must often make findings that are based upon a credibility determination. At the dispositional hearing in this matter, there was testimony given by the caseworker and the intervenor, and where their testimony conflicted, the circuit court was in the best position to observe the testimony of the witnesses, assess their credibility, and weigh the relative evidence. See *In re Sharena H*., 366 Ill. App. 3d 405, 415 (2006); *In re Marriage of Cerven*, 317 Ill. App. 3d 895, 903 (2000). This court does not reassess the credibility of the witnesses and, as such, we decline to substitute our judgment for that of the circuit court in this matter.

¶ 29    Therefore, we reverse that portion of the circuit court's judgment making the minor a ward of the court and placing custody and guardianship of the minor with DCFS, and remand for section 1-3(4.05) findings regarding the best interest of the minor. To clarify, we are not mandating that the circuit court conduct another dispositional hearing or specifically address all, or any specific,

enumerated factors. We remand to the circuit court for the limited purpose of allowing it to enter more specific findings and the circuit court may, if deemed necessary, conduct a rehearing.

¶ 30    Because we have determined that remand is required in this matter for the circuit court to address the statutory best interest factors, the inventor's remaining arguments are moot. Finally, we affirm all remaining portions of the circuit court's dispositional judgment not challenged on appeal.

¶ 31                                    III. CONCLUSION

¶ 32    Based on the above, we reverse that portion of circuit court's judgement making the minor a ward of the court and placing custody and guardianship of the minor with DCFS, and remand for best interest findings on the same. We affirm all remaining portions of the circuit court's dispositional judgment not challenged on appeal.

¶ 33    Affirmed in part and reversed in part.

¶ 34    Cause remanded.